KAHN, Judge.
Charles W. Harris appeals a decision by the Board of Clinical Social Work, Marriage and Family Therapy, and Mental Health Counseling (Board) that his failure to include the designation “licensed mental health counselor” or “LMHC” on several pieces of promotional material constituted a violation of section 491.0149(3), Florida Statutes (1991). Appellant asserts that the requirement in section 491.0149(3) that “licensed mental health counselor” or “LMHC” be included on all promotional materials unconstitutionally restricts his right of free speech under the First Amendment. We affirm.
Appellant is a licensed mental health counselor with his office and practice in Sarasota, Florida. Section 491.0149(3) provides that “[a], licensed mental health counselor shall include the words ‘licensed mental health counselor’ or the letters ‘LMHC’ on all promotional materials, including cards, brochures, stationery, advertisements, and signs, *231 naming the licensee.” Section 491.009(2)(q), Florida Statutes (1991), indicates that violations of provisions contained in chapter 491 constitute grounds for disciplinary action. The hearing officer assigned to the ease, William R. Cave, found that Appellant violated section 491.0149(3) and, therefore, discipline was warranted pursuant to section 491.009(2)(q). The Board adopted the hearing officer’s findings and conclusions; however, rather than sending Appellant a- letter of reprimand, as recommended by the hearing officer, the Board determined that Appellant should receive a public reprimand as well as pay an administrative fine of $1,000.
The parties agree that the statute at issue in this case regulates commercial speech. “ ‘[(Commercial speech [enjoys] a limited measure of protection, commensurate with its subordinate position in the scale of First Amendment values,’ and is subject to ‘modes of regulation that might be impermissible in the realm of noncommercial expression.’ ” Board of Trustees of State Univ. of N.Y. v. Fox, 492 U.S. 469, 477, 109 S.Ct. 3028, 3033, 106 L.Ed.2d 388 (1989) (quoting Ohralik v. Ohio State Bar Ass’n, 436 U.S. 447, 466, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978)). The United States Supreme Court has recently explained the test applicable to restrictions on commercial speech:
[W]e engage in “intermediate” scrutiny of restrictions on commercial speech, analyzing them under the framework sét forth in Central Hudson Gas & Electric Corp. v. Public Service Comm’n of N.Y., 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). Under Central Hudson, the government may freely regulate commercial speech that concerns unlawful activity or is misleading. Commercial speech that falls into neither of those categories ... ‘ may be regulated if the government satisfies a test consisting of three related prongs: first, the government must assert a substantial interest in support of its regulation; second, the government must demonstrate that the restriction on commercial speech directly and materially advances that interest; and third, the regulation must be “narrowly drawn.”
Florida Bar v. Went For It, — U.S. —, 115 S.Ct. 2371, 2375-76, 132 L.Ed.2d 541 (1995) (citations omitted); see Abramson v. Gonzalez, 949 F.2d 1567, 1575 (11th Cir.1992).
The parties in this case have incorrectly focused on the Central Hudson test, however. Indeed, the parties have overlooked “material differences between disclosure requirements and outright prohibitions on speech.” See Zauderer v. Office of Disciplinary Counsel of the Supreme Ct. of Ohio, 471 U.S. 626, 650, 105 S.Ct. 2265, 2281, 85 L.Ed.2d 652 (1985). In Zauderer, an attorney challenged as violative of the First Amendment a state requirement that he include, in advertising his availability on a contingent fee basis, “the information that clients might be liable for significant litigation costs even if their lawsuits were unsuccessful. ...” 471 U.S. at 650, 105 S.Ct. at 2281. Zauderer argued that an assessment of the validity of this requirement involved the same analysis as an assessment of the validity of restrictions on advertising content. Id. Specifically, Zauderer suggested “the State must establish either that the advertisement, absent the required disclosure, would be false or deceptive or that the disclosure requirement serves some substantial government interest other than preventing deception,” and “the State must establish that the disclosure requirement directly advances the relevant governmental interest and that it constitutes the least restrictive means of doing so.” Id. In determining that such an analysis was not warranted, the Court reasoned as follows:
In requiring attorneys who advertise their willingness to represent clients on a contingent-fee basis to state that the client may have to bear certain expenses even if he loses, Ohio has not attempted to prevent attorneys from conveying information to the public; it has only required them to provide somewhat more information than they might otherwise be inclined to present. We have, to be sure, held that in some instances compulsion to speak may be as violative of the First Amendment as prohibitions on speech.
* * ⅜ * * *
*232 But the interests at stake in this ease are not of the same order.... Ohio has not attempted to “prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein.” The State has attempted only to prescribe what shall be orthodox in commercial advertising, and its prescription has taken the form of a requirement that appellant include in his advertising purely factual and uncontroversial information about the terms under which his services will be available. Because the extension of First Amendment protection to commercial speech is justified principally by the value to consumers of the information such speech provides ... appellant’s constitutionally protected interest in not providing any particular factual information in his advertising is minimal. Thus, in virtually all our commercial speech decisions to date, we have emphasized that because disclosure requirements trench much more narrowly on an advertiser’s interests than do flat prohibitions on speech, “warning[s] or disclaimer[s] might be appropriately required ... in order to dissipate the possibility of consumer confusion or deception.”
Id. at 650-51, 105 S.Ct. at 2281-82 (citations omitted). Because disclosure requirements could nevertheless raise First Amendment concerns, the Court established a reasonable relationship test for such requirements:
We do not suggest that disclosure requirements do not implicate the advertiser’s First Amendment rights at all. We recognize that unjustified or unduly burdensome disclosure requirements might offend the First Amendment by chilling protected commercial speech. But we hold that an advertiser’s rights are adequately protected as long as disclosure requirements are reasonably related to the State’s interest in preventing deception of consumers.
Id. at 651, 105 S.Ct. at 2282.
In this case, similar to the situation in Zauderer, the state has not attempted to prevent licensed mental health counselors, such as Appellant, from conveying information to the public; rather, it has merely required them to provide slightly more information than they might otherwise be inclined to present. The relatively innocuous requirement that such counselors include “LMHC” or “licensed mental health counsel- or” on their promotional materials is reasonably related to the state’s interest in preventing deception of consumers, specifically in preventing the practice of mental health counseling by non-qualified persons and assisting the public in making informed choices regarding mental health services. See § 491.002, Fla.Stat. (“intent” section of chapter 491). Accordingly, the statute at issue does not unconstitutionally restrict Appellant’s First Amendment right to engage in commercial speech.
AFFIRMED.
ZEHMER, C.J., and BARFIELD, J., concur.