689 A.2d 213

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

v.

**HOSPITALITY INVESTMENTS OF PHILADELPHIA, INC., Appellee.**

Supreme Court of Pennsylvania.

Submitted July 8, 1996.

Decided Feb. 6, 1997.

Stanley J. Wolowski, Pittsburgh, Ira Shrager, Philadelphia, for PA St. Police.

Gary F. DiVito, Barry Goldstein, Philadelphia, for Hosp. Invest.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The question raised in this direct appeal, which is before us on remand from the United States Supreme Court, is whether the ban on liquor price advertising set forth in section 498 of the Pennsylvania Liquor Code (Liquor Code),[1] 47 P.S. § 4-498, is unconstitutional. For the reasons which follow, we conclude that this ban is unconstitutional and affirm the order of the trial court.

We previously issued our opinion in this same appeal on November 3, 1994, in which the procedural and factual history of this matter is explained.[2] To briefly recapitulate, appellant, the Bureau of Liquor Control Enforcement (Bureau), is responsible for enforcing the Liquor Code. Appellee, Hospitality Investments of Philadelphia, Inc. (Hospitality), is the holder of a restaurant liquor license issued by the Pennsylvania Liquor

1. As reenacted June 29, 1987, P.L. 32, 47 P.S. § 1–101 *et seq.*

2. *See Pennsylvania State Police Bureau of Liquor Control Enforcement v. Hospitality Investments of Philadelphia, Inc.,* 539 Pa. 108, 650 A.2d 854 (1994).

Control Board (Board), and is a retailer licensee. The Bureau issued a citation, late in 1989, charging Hospitality with a violation of section 498 of the Liquor Code. Section 498 prohibits a retailer or licensee from advertising in any manner whatsoever the price of any malt beverage, cordial, wine or distilled liquor offered for sale in this Commonwealth.

At a hearing held before an administrative law judge of the Board, the parties stipulated that a Bureau enforcement officer had read Hospitality's advertisement in the October 26, 1989 edition of the *Daily Pennsylvanian*. This advertisement stated in part: "$1.00 Regular Drinks 9–12 midnight." Hospitality argued that section 498 is violative of commercial free speech under both the United States and Pennsylvania Constitutions. The administrative law judge concluded that she lacked authority to address the constitutionality of the statute, and, ruling that Hospitality had violated section 498, imposed a fine on Hospitality. The Board affirmed this decision. On appeal, the Common Pleas Court of Philadelphia County, however, ruled section 498 is unconstitutional under the Pennsylvania Constitution.

We reversed the common pleas court's order when the matter came before us on a direct appeal taken by the Bureau.[3] In our November 3, 1994 opinion, this court held that the statutory ban was a valid exercise of the Commonwealth's right, under the Twenty-first Amendment to the United States Constitution,[4] to regulate the sale and consump-

3. The Bureau appealed to the Commonwealth Court, but the matter was transferred to this court, at No. 77 E.D. Appeal Docket 1992, pursuant to our exclusive jurisdiction of appeals from final orders of courts of common pleas in cases where such a court has held a statute to be unconstitutional. *See* 42 Pa.C.S. § 722(7).

4. Section 1 of the Twenty-first Amendment to the United States Constitution repealed the prohibition on the "manufacture, sale, or transportation of intoxicating liquors" in the United States and its territories which had been in place under the Eighteenth Amendment to the United States Constitution from 1919 until 1933. *See 44 Liquormart, Inc. v. Rhode Island*, 517 U.S. ——, ——, 116 S.Ct. 1495, 1513–14, 134 L.Ed.2d 711, 735 (1996).

   Section 2 of the Twenty-first Amendment provides: "The transportation or importation into any State, Territory, or possession of the United

tion of alcohol (citing, *inter alia, California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972)).

On May 13, 1996, the United States Supreme Court issued its opinion in *44 Liquormart, Inc. v. Rhode Island,* 517 U.S. ——, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996). One week later, on May 20, 1996, the United States Supreme Court granted certiorari in the present matter, and, simultaneously, vacated our judgment, remanding the case to us for further consideration in light of the United States Supreme Court's decision in *44 Liquormart.* See —— U.S. ——, 116 S.Ct. 1821, 134 L.Ed.2d 927 (1996). Thus, the matter is again before us.

■ In *44 Liquormart,* the petitioners before the United States Supreme Court were licensed retailers of alcoholic beverages who had violated Rhode Island's statutory ban on liquor price advertising.[5] The United States Supreme Court granted certiorari in *44 Liquormart* in order to analyze the relevance of the Twenty-first Amendment to the retailers' First Amendment rights.

The opinion of the United States Supreme Court in *44 Liquormart, supra,* which was delivered by Justice Stevens, held that the Twenty-first Amendment does not qualify the constitutional prohibition against laws abridging the freedom of speech embodied in the First Amendment. In reaching this conclusion, the United States Supreme Court in *44 Liquor-*

States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." U.S. Const., Amdt. 21, § 2.

5. The first statute challenged in *44 Liquormart* prohibited a licensee from advertising in any manner whatsoever the price of any malt beverage, cordials, wine or distilled liquor offered for sale in that state. See Rhode Island Gen. Laws § 3–8–7 (1987). The second statute challenged in *44 Liquormart* applied to the Rhode Island news media and contained a categorical prohibition against the publication or broadcast of any advertisements, even those referring to sales in other states, which made reference to the price of any alcoholic beverage. *See* Rhode Island Gen. Laws § 3–8–8.1 (1987).

Additionally, the petitioners in *44 Liquormart* challenged Regulation 32 of the Rules and Regulations of Rhode Island's Liquor Control Administrator, which provided that no placard or sign that is visible from the exterior of a package store may make any reference to the price of any alcoholic beverage.

*mart* rejected the lower court's reliance on *LaRue, supra,* and specifically disavowed the reasoning used in *LaRue* to the extent that it relied on the Twenty-first Amendment.[6] The United States Supreme Court in *44 Liquormart* held that the challenged Rhode Island statutes and regulation in that matter abridged speech in violation of the First Amendment as made applicable to the States by the Due Process Clause of the Fourteenth Amendment.[7]

The language of the statutory ban imposed by our Commonwealth and that imposed by Rhode Island, which was held to be unconstitutional by the United States Supreme Court in *44 Liquormart,* is nearly identical. The Rhode Island statute challenged in *44 Liquormart* provided in pertinent part:

Advertising price of malt beverages, cordials, wine or distilled liquor.—No manufacturer, wholesaler, or shipper from without this state, and no holder of a license issued under the provisions of this title and chapter shall cause or permit the advertising in any manner whatsoever of the price of any malt beverage, cordials, wine or distilled liquor offered for sale in this state; provided, however, that the provisions

**6.** In *LaRue,* five members of the United States Supreme Court relied on the Twenty-first Amendment to buttress the conclusion that the First Amendment did not invalidate California's prohibition of certain grossly sexual exhibitions in premises licensed to serve alcoholic beverages. The United States Supreme Court in *LaRue* stated that the Twenty-first Amendment required that California's prohibition be given an added presumption in favor of its validity. The United States Supreme Court in *44 Liquormart* stated that the same result would have been reached in *LaRue* even had there been no reliance on the Twenty-first Amendment by the Court. *See 44 Liquormart,* 517 U.S. at ——, 116 S.Ct. at 1513–14, 134 L.Ed.2d at 735.

**7.** Justice Stevens delivered the opinion of the court with respect to Parts I, II, VII, and VIII of the opinion. These sections of the opinion set forth the factual and procedural background of the appeal, the Court's discussion of the Twenty-first Amendment and holding regarding the Twenty-first Amendment, and the Court's holding regarding the First Amendment. The remaining sections of *44 Liquormart,* in which the reasoning leading to the holding regarding the First Amendment is set forth, did not garner the votes of a majority of the Court, and in fact, generated several separate opinions: an opinion by Justice Scalia, concurring in part and concurring in the judgment; an opinion by Justice Thomas, concurring in part and concurring in the judgment; and an opinion by Justice O'Connor, who was joined by the Chief Justice, Justice Souter, and Justice Breyer, concurring in the judgment.

of this section shall not apply to price signs or tags attached to or placed on merchandise for sale within the licensed premises in accordance with rules and regulations of the department.

See *44 Liquormart*, 517 U.S. at ——, n. 2, 116 S.Ct. at 1500–01, n. 2, 134 L.Ed.2d at 719, n. 2 (quoting Rhode Island Gen. Laws § 3–8–7 (1987)).

Similarly, section 498 of our Pennsylvania Liquor Code, provides:

(a) No ... licensee under this act shall cause or permit the advertising in any manner whatsoever of the price of any malt beverage, cordial, wine or distilled liquor offered for sale in this Commonwealth: Provided, however, That the provisions of this section shall not apply to price signs or tags attached to or placed on merchandise for sale within the licensed premises in accordance with rules and regulations of the board.

47 P.S. § 4–498.

As the United States Supreme Court is the final arbiter of challenges brought under the United States Constitution,[8] we are bound to follow the United States Supreme Court's holding in *44 Liquormart* here. As a result, we conclude that section 498 of Pennsylvania's Liquor Code abridges speech in violation of the First Amendment of the United States Constitution, as made applicable to the States by the Due Process Clause of the Fourteenth Amendment.

We recognize that the section 498 is also challenged as an unconstitutional abridgement of speech under the Pennsylvania Constitution. See Pennsylvania Constitution, Article I, Section 7.[9] In interpreting a provision of the Pennsylvania

**8.** See, e.g., *United States v. American Radiator & Standard Sanitary Corp.*, 278 F.Supp. 241 (W.D.Pa.1967).

**9.** Article I, Section 7 of the Pennsylvania Constitution provides, in pertinent part:

The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty.

Constitution, we recognize that we are not bound by the decisions of the United States Supreme Court which interpret similar (yet distinct) federal constitutional provisions. *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991). We have explained:

> [T]he federal constitution establishes certain minimum levels which are "equally applicable to the [analogous] state constitutional provision." However, each state has the power to provide broader standards, and go beyond the minimum floor which is established by the federal constitution.
>
> . . . . .
>
> Here in Pennsylvania, we have stated with increasing frequency that it is both important and necessary that we undertake an independent analysis of the Pennsylvania Constitution, each time a provision of that fundamental document is implicated. Although we may accord weight to the federal decisions where they "are found to be logically persuasive and well reasoned, paying due regard to precedent and the policies underlying specific constitutional guarantees," we are free to reject the conclusions of the United States Supreme Court so long as we remain faithful to the minimum guarantees established by the United States Constitution.

*Id.* at 388–390, 586 A.2d at 894–895 (citations and quotations omitted).

This court has recognized that with regard to Article I, Section 7 of the Pennsylvania Constitution, the United States Constitutional guarantee of free speech provides a minimum standard. *Insurance Adjustment Bureau v. Insurance Comm'r,* 518 Pa. 210, 542 A.2d 1317 (1988). We, thus, need not engage in an independent analysis of Article I, Section 7 here, since the statutory ban challenged in this matter has been held by the United States Supreme Court as not meeting the minimum guarantee established by the United States Constitution.

We accordingly affirm the order of the Common Pleas Court of Philadelphia County.

CASTILLE, J., files a concurring opinion at 77 E.D. Appeal Dkt. 92 and concurring statements at 78 and 80 E.D. Appeal Dkts. 92.

## ORDER

PER CURIAM.

AND NOW, this 6th day of February, 1997, it is ordered that the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

CASTILLE, Justice, concurring.

I join in the majority opinion since it reaches the same conclusion that I reached in my dissenting opinion in this case when the matter was first before the Court in 1994. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Hospitality Investments of Philadelphia, Inc.*, 539 Pa. 108, 116, 650 A.2d 854, 858 (1994) (Flaherty and Castille, JJ., dissenting), *vacated and remanded,* —— U.S. ——, 116 S.Ct. 1821, 134 L.Ed.2d 927 (1996).