695 So.2d 1259 (1997)
George O. LAMOTHE, Appellant,
v.
Robert L. SELLARS, Esq., Equifax Inc., Cigna Insurance Company, and Sellars, Supran, Cole, Marion & Bachi, P.A., Appellees.
Nos. 96-3981, 96-4140.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
Rehearing and Rehearing Denied July 15, 1997.
*1260 Tim Morell, Lantana, for appellant.
Marlene S. Reiss of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for Appellees-Robert L. Sellars, and Sellars, Supran, Cole, Marion & Bachi, P.A.
Bard D. Rockenbach and Daniel M. Bachi of Sellars, Supran, Cole, Marion & Bachi, P.A., West Palm Beach, for Appellees-Kiwanis of Lake Worth, Kiwanis, Crockford, Albert, Green, Ramiccio, Shoemaker and Kravetz.
Rehearing and Rehearing En Banc Denied July 15, 1997.
KLEIN, Judge.
Appellee Sellars and his law firm represent the defendants in one case in which appellant is the plaintiff, and they are the defendants in another case in which appellant is the plaintiff. Following an incident which occurred when appellant, who was represented by counsel, went to Sellars' firm's offices without his counsel, the defendants filed a "motion for stayaway order" in both cases. The trial court granted the motions and ordered appellant to have no contact with the defendants, except through counsel, and not to go within a certain distance of Sellars' offices for the duration of the case.
Appellant seeks review of these two orders by non-final appeal, arguing that we have jurisdiction under rule 9.130(a)(3)(B), which authorizes non-final review of orders granting injunctions. Appellee responds that these are not injunctions, but rather are protective or case management orders being used by the court to control the proceedings before it. We agree with appellee. These orders are not related to relief sought in plaintiff's complaints. They are no more appealable as injunctions than orders compelling production, orders compelling attendance, or orders compelling behavior of parties in a trial. Nor would these particular orders be reviewable by certiorari, because they do not depart from the essential requirements of law.
We therefore dismiss the appeals for lack of jurisdiction.
WARNER and POLEN, JJ., concur.