728 A.2d 340

COMMONWEALTH of Pennsylvania, BUREAU OF
PROFESSIONAL AND OCCUPATIONAL
AFFAIRS

v.

STATE BOARD OF PHYSICAL THERAPY; Pennsylvania
Physical Therapy Association, Mary Sinnott, P.T., and
Larry P. Fronheiser, P.T., Intervenors.

Appeal of Thomas A. Boch, D.C., Howard A. Bloom, D.C.,
Mark W. Bloom, D.C., Ronald A. Cologna, D.C. and
Weathervane Chiropractic, Intervenors.

Supreme Court of Pennsylvania.

Argued Nov. 17, 1998.

Decided April 20, 1999.

James J. Kutz, Bridget E. Montgomery, Charles I. Artz, Harrisburg, for Thomas A. Boch, D.C.

Paul A. Tufano, General Counsel, Office of General Counsel, Robert J. DeSousa, Chief Counsel, Department of State, Bernadette Paul, Asst. Counsel, for Bureau of Professional and Occupational Affairs.

Richard B. Tucker, III, J. Kent Culley, John E. Graf, Pittsburgh, for PA Physical Theraoy Ass'n, et al.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## *OPINION OF THE COURT*

FLAHERTY, Chief Justice.

This appeal tests the constitutionality of a statutory provision that prevents chiropractors from advertising that they perform "physical therapy." The appellant chiropractors, Thomas A. Boch, Howard A. Bloom, Mark W. Bloom, and Ronald A. Cologna, and Weathervane Chiropractic, P.C., were charged with unlawful advertising under the Physical Therapy Practice Act (PT Act), 63 P.S. § 1304(a), (b.1). The charges were initiated by the Commonwealth's Bureau of Professional and Occupational Affairs via an order to show cause why the State Board of Physical Therapy should not impose penalties for unlawful advertising.

Appellants had placed newspaper advertisements prominently offering "physical therapy," and identifying themselves in a less conspicuous fashion as chiropractors. Appellants are not licensed physical therapists. Nor do they employ licensed physical therapists.

The charges against appellants were submitted to a hearing examiner, who, upon review of the matter, concluded that the PT Act permits chiropractors who are certified in "adjunctive procedures" to advertise that their practices include physical therapy. Inasmuch as appellants are certified in such procedures, their advertisements were deemed permissible and, accordingly, the charges were dismissed. Commonwealth Court vacated the dismissal, holding that the PT Act prohibits chiropractors from advertising that they perform physical therapy. We granted allowance of appeal as to the limited issue of whether Commonwealth Court's interpretation of the PT Act yields an unconstitutional result.

The provisions of the PT Act that were held to prohibit individuals who are not licensed physical therapists from advertising that they perform physical therapy are the following:

(a) *It shall be unlawful for any person to practice or hold himself out as being able to practice physical therapy in this State in any manner whatsoever unless such person has met the educational requirements and is licensed in accordance with the provisions of this act.* The board shall determine standards, by regulations, regarding qualifications necessary for the performance of such tests or treatment forms as the board shall determine require additional training or education beyond the educational requirements set forth by this act, as such relates to the practice of physical therapy in accordance with law. Nothing in this act, however, shall prohibit any person trained and licensed or certified to practice or to act within the scope of his certification in this State under any other law, from engaging in the licensed or certified practice for which he is trained.

. . . .

(b.1) *It shall be a violation of this act for any person or business entity to utilize in connection with a business name or activity the words "physical therapy," "physical therapist," "physiotherapy," "physiotherapist" or similar words and their related abbreviations which imply directly or indirectly that physical therapy services are being provided, including the billing of physical therapy services, unless such services are provided by a licensed physical therapist* in accordance with this act: Provided, however, That nothing in this section shall limit a physician's authority to practice medicine or to bill for such practice nor limit a chiropractor's authority to practice chiropractic or to bill for such practice.

63 P.S. § 1304(a), (b.1) (emphasis added).

Appellants contend that the decision of Commonwealth Court, which applied the plain language of the foregoing provision which forbids any person from "hold[ing] himself out

... in any manner whatsoever" as being able to practice physical therapy unless licensed under the PT Act, unconstitutionally restricts chiropractors from advertising services which they are allowed to perform. Specifically, it is alleged that the restriction is contrary to the freedom of expression guaranteed by Article I, § 7 of the Pennsylvania Constitution.[1] We do not agree.

The only services that chiropractors perform that resemble in any way those that physical therapists perform are those known as "adjunctive procedures." Only chiropractors who have been certified in adjunctive procedures can perform them. Chiropractic Practice Act, 63 P.S. § 625.304. The Chiropractic Practice Act defines the practice of "chiropractic" as including "the use of adjunctive procedures in treating misaligned or dislocated vertebrae or articulations and related conditions of the nervous system...." 63 P.S. § 625.102. "Adjunctive procedures" are defined as "[p]hysical measures such as mechanical stimulation, heat, cold, light, air, water, electricity, sound, massage and mobilization." *Id.* Because adjunctive procedures are very similar to some of the procedures that physical therapists employ, appellants claim that they in fact perform physical therapy and that they should be permitted to place advertisements offering such therapy.

Appellants' argument relies on the PT Act's definition of physical therapy, which is as follows:

> "**Physical therapy**" means the evaluation and treatment of any person by the utilization of the effective properties of physical measures such as mechanical stimulation, heat, cold, light, air, water, electricity, sound, massage, mobilization and the use of therapeutic exercises and rehabilitative procedures including training in functional activities, with or without assistive devices, for the purpose of limiting or preventing disability and alleviating or correcting any physical or mental conditions, and the performance of tests and

---

1. Appellants do not rely on the First Amendment to the United States Constitution, as arguments relating thereto were reserved for adjudication in federal court under *England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

measurements as an aid in diagnosis or evaluation of function.

63 P.S. § 1302. This definition sets forth the services that licensed "physical therapists" can perform. *Id.* Inasmuch as the adjunctive procedures of chiropractors and the procedures used by physical therapists both include the use of mechanical stimulation, heat, cold, light, air, water, electricity, sound, massage, and mobilization, it is argued by appellants that both professional groups are engaged in physical therapy.

While there is indeed some overlap in the procedures used by chiropractors and those used by physical therapists, the differences between the two professional groups insofar as the services that they are licensed to perform are substantial. Chiropractors are not the equivalent of physical therapists. Likewise, physical therapists are not a substitute for chiropractors. Each professional group offers its own range of distinct, licensed services.

Chiropractors are only authorized to use "adjunctive" procedures when "treating misaligned or dislocated vertebrae or articulations and related conditions of the nervous system...." 63 P.S. § 625.102. Physical therapists are permitted to use their treatments in a much less restricted fashion, for, unlike chiropractors, their methods are not confined to treating such a limited set of anatomic problems. See 63 P.S. § 1302, supra (definition of "physical therapy" that licensed physical therapists can perform). Physical therapists can treat any area of the body and are not limited to misalignments and articulations of the nervous system. Further, the practice of physical therapy includes more than the direct use of physical treatment measures. Specifically, "physical therapy" includes the performance of evaluations to aid in the diagnosis and assessment of physical function, the use therapeutic exercises, and the use of rehabilitative procedures such as training in functional activities with or without the use of assistive devices. *Id.* In short, "adjunctive procedures" and "physical therapy" are substantially different in scope, with the former being far less encompassing than the latter.

274

The factor that makes restriction of the chiropractors' advertisements of physical therapy not a violation of their constitutional freedom of expression is that their services do not amount to what is commonly understood to be the practice of physical therapy. Since the enactment of the PT Act in 1975, the practice of physical therapy has been a regulated and licensed profession. No longer is physical therapy understood to be merely a generic term for physical treatment. Rather, it consists of a statutorily defined set of activities. Because chiropractors are not licensed to perform the full range of those activities, it would mislead the public if chiropractors were permitted to advertise that they offer physical therapy, where, as occurred here, the advertisements did not indicate the very limited scope of therapy that they offer. When the public encounters an advertisement for physical therapy, its rightful expectation is that the therapy consists of services that physical therapists are licensed to perform, and that the services will in fact be performed in a lawful manner by one who is licensed to provide such services. The term "physical therapy," therefore, connotes more than that physical measures may be applied to certain limited areas of one's body, but rather that the measures employed can consist of the full range of those that physical therapists are licensed to perform.

It is well established that, under the First Amendment to the United States Constitution, commercial speech such as advertising enjoys limited constitutional protection and can be regulated in a more stringent manner than noncommercial speech. *United States v. Edge Broadcasting Co.,* 509 U.S. 418, 426, 113 S.Ct. 2696, 2703, 125 L.Ed.2d 345, 355 (1993). Untruthful or misleading advertising can properly be banned. *44 Liquormart, Inc. v. Rhode Island,* 517 U.S. 484, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996); *Florida Bar v. Went For It, Inc.,* 515 U.S. 618, 623–24, 115 S.Ct. 2371, 2376, 132 L.Ed.2d 541, 549 (1995) ("[T]he government may freely regulate commercial speech that . . . is misleading."); *Central Hudson Gas & Electric Corp. v. Public Service Comm'n of N.Y.,* 447 U.S. 557, 563, 100 S.Ct. 2343, 2350, 65 L.Ed.2d 341, 349 (1980) ("[T]here can be no constitutional objection to the

suppression of commercial messages that do not accurately inform the public about lawful activity. The government may ban forms of communication more likely to deceive the public than to inform it. . . . ").

In analyzing a case such as the present one where the argument is based on Article I, § 7 of the Pennsylvania Constitution, we observe the same minimum standards of analysis and substantive protection as the Supreme Court of the United States has required under the federal constitution. *Insurance Adjustment Bureau v. Insurance Comm'r,* 518 Pa. 210, 215, 542 A.2d 1317, 1319 (1988); *Pennsylvania State Police v. Hospitality Investments of Philadelphia, Inc.,* 547 Pa. 142, 148, 689 A.2d 213, 216–17 (1997). Insofar as false or misleading commercial speech is concerned, we have followed the federal view that such speech as not constitutionally protected. *Insurance Adjustment Bureau v. Insurance Comm'r,* 518 Pa. at 217–18, 221, 542 A.2d at 1320–22. Only where speech is not misleading have we engaged in an analysis of whether, for purposes of the Pennsylvania Constitution, there were available less restrictive means by which the government could have accomplished its objective. *Id.* at 224–25, 542 A.2d at 1324. This approach recognizes that Article I, § 7 of the Pennsylvania Constitution provides protection for freedom of expression that is broader than the federal constitutional guarantee. *Id.*

The principle that misleading or deceptive advertising may be prohibited is, however, dispositive of this case. Allowing chiropractors to advertise that they perform "physical therapy" would mislead the public into believing that chiropractors are actually licensed and able to perform the full range of such therapy.[2] The legislative ban on such advertis-

2. The legislature's concern that the public might be led to believe that chiropractors are the same as "physical therapists" is also reflected in the Chiropractic Practice Act, which provides: "A chiropractor shall not hold himself out *in any manner* to be a licensed physical therapist unless he is duly licensed under the [PT Act]." 63 P.S. § 625.526(b) (emphasis added).

ing protects the public from deceptive commercial speech and is, therefore, constitutionally sound.

The chiropractors' right to advertise therapies that they are in fact licensed to perform has not in any way been restricted. To no extent have they been prevented from advertising that they perform procedures to treat misalignments of the spine and articulations of nervous system. Nor have they been restricted from advertising that their treatments have therapeutic or rehabilitative effects. Likewise, they are free to advertise the particular physical modalities that their treatments employ. Protecting the public from being misled about the scope of treatments offered, however, validates the prohibition against advertising that chiropractors perform general "physical therapy." Commonwealth Court did not err, therefore, in vacating the dismissal of charges against appellants.

Order affirmed.

Justice SAYLOR did not participate in the consideration or decision of this case.

Justice CASTILLE files a dissenting opinion which is joined by Justice CAPPY.

CASTILLE, Justice, dissenting.

I respectfully dissent from the majority's holding that the Physical Therapy Act, 63 P.S. § 1304(a), (b.1), prohibits chiropractors from advertising that they perform physical therapy. Commercial speech is entitled to greater protection than that accorded by the majority under both the First Amendment to the United States Constitution and Article 1, Section 7 of the Pennsylvania Constitution. *See, 44 Liquormart, Inc. v. Rhode Island,* 517 U.S. 484, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996); *Insurance Adjustment Bureau v. Insurance Commissioner,* 518 Pa. 210, 542 A.2d 1317 (1988).

A statutory limitation on commercial speech can be upheld only if the challenged statute directly advances a substantial governmental interest in a way that is no more restrictive than necessary to achieve the objective. *44 Liquormart,* 517 U.S.

at 500, 116 S.Ct. 1495 (citing *Central Hudson Gas & Electric Corp. v. Public Service Commission*, 447 U.S. 557, 566, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980)). Here, the governmental interest cited is ostensibly to protect the public from being misled that chiropractors and physical therapists render the same services. The fallacy inherent in this governmental interest is twofold: (1) chiropractors do, in fact, perform some of the same services as physical therapists; and (2) appellants clearly stated in their advertisements that they were chiropractors.

Chiropractors can be certified under the Chiropractic Act, 63 P.S. § 625.102, to perform "adjunctive procedures" which include "[p]hysical measures such as mechanical stimulation, heat, cold, light, air, water, electricity, sound, massage and mobilization." This list of procedures is in direct accord with the Physical Therapy Act's definition of "physical therapy" as quoted by the majority. Notwithstanding that the definition of "adjunctive procedures" and "physical therapy" are substantially identical, the majority nevertheless concludes that while there is some overlap in procedures, chiropractors are not the equivalent of physical therapists. There is no question that the two professions are separate and distinct; however, the fact remains that the members of those distinct professions do provide some of the same services. Appellants are certified to perform "adjunctive procedures;" therefore, they perform some physical therapy. Thus, because appellants are certified to provide the services which they advertised, and because they did not hold themselves out as physical therapists, but rather clearly identified themselves as chiropractors, no substantial government interest exists to support the statutory ban on advertising by chiropractors providing physical therapy services.

As the United States Supreme Court stated in *44 Liquormart:*

When a State regulates commercial messages to protect consumers from misleading, deceptive, or aggressive sales practices, or requires the disclosure of beneficial consumer information, the purpose of its regulation is consistent with

the reasons for according constitutional protection to commercial speech and therefore justifies less than strict review. However, when a State entirely prohibits the dissemination of truthful, nonmisleading commercial messages for reasons unrelated to the preservation of a fair bargaining process, there is far less reason to depart from the rigorous review that the First Amendment generally demands.

Sound reasons justify reviewing the latter type of commercial speech regulation more carefully. Most obviously, complete speech bans, unlike content-neutral restrictions on time, place or manner of expression, are particularly dangerous because they all but foreclose alternative means of disseminating certain information. (citations omitted).

*44 Liquormart,* 517 U.S. at 501, 116 S.Ct. 1495.

The Physical Therapy Act ban on advertising of physical therapy services by anyone other than a licensed physical therapist is precisely the type of ban contemplated by the United States Supreme Court in *44 Liquormart.* It effectively prevents chiropractors from advertising certain services that they are certified to provide simply because they are not licensed under the Physical Therapy Act. Because appellants' are certified to perform the advertised services, it defies logic that their advertisements could be considered misleading. This is a clear violation of appellants' free speech rights that is not justified by any governmental interest in the protection of consumers. Accordingly, the decision of the Commonwealth Court should be reversed and the dismissal of the charges against appellants reinstated.

Justice CAPPY joins this dissenting opinion.

## *ORDER*

**PER CURIAM.**

AND NOW, this 17th day of June 1999, the application for reargument is denied.