**Ralph KLEESE, Petitioner,**

v.

**PENNSYLVANIA STATE BOARD OF FUNERAL DIRECTORS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 13, 1999.
Decided Sept. 30, 1999.

Gary L. James, Hummelstown, for petitioner.

Thomas A. Blackburn, Harrisburg, for respondent.

Before McGINLEY, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

FLAHERTY, Judge.

Ralph T. Kleese (Petitioner) petitions for review from an order of the State Board of Funeral Directors (Board) which ordered Petitioner to pay a $2,100.00 civil penalty because Petitioner violated 49 Pa. Code § 13.193.[1] We affirm.

On March 30, 1998, an investigator for the Board issued sixteen (16) citations to Petitioner for violations of Board regulations.[2] Prior to March 13, 1998, Petitioner had been the supervisor of Morris & Kleese Funeral Home, a restricted business corporation. Nine of the citations charged Petitioner with violating Board regulation 49 Pa.Code § 13.193 because Petitioner failed to include his name as the permanent supervisor of the funeral home in nine separate newspaper advertisements published from November 27, 1997 to February 28, 1998.[3] Although the name of another employee of the funeral home was included in the advertisements, Petitioner's name and the indication that he was the supervising funeral director were not included.

A hearing was conducted on May 12, 1998, and the hearing examiner affirmed the nine citations and imposed a civil penalty of $ 2,100.00.[4] Petitioner filed an application for review with the Board. By decision and order dated September 2, 1998, the Board affirmed the hearing examiner's decision. Petitioner then filed a petition for review with this Court.

Petitioner raises one issue for this Court's review: whether the regulation of the Board requiring that the name of a funeral establishment's supervisor be printed in all of the establishment's advertising is an infringement of the establishment's constitutional right of commercial free speech, (1) when the Board has not supported the regulation with evidence showing that the omission of the name is

1. 49 Pa.Code § 13.193 provides: "In order that the public knows the name of a licensed person who will serve them, an establishment which is maintained under a pre–1935 corporation, restricted business corporation, widow, widower or estate license shall indicate the name of the permanent supervisor in advertising media."

2. Only nine of those citations are at issue in this appeal. The remaining seven were resolved in favor of Petitioner during the administrative proceedings and are not before us at this time.

3. The Board is empowered to formulate necessary rules and regulations not inconsistent with the act for the proper conduct of the business or profession of funeral directing and as may by deemed necessary or proper to safeguard the interests of the public and the standards of the profession. Section 16(a) of the Funeral Director Law (Act), Act of January 14, 1952, (P.L. 1898 of 1951), *as amended*, 63 P.S. § 479.16(a).

4. Pursuant to Section 5 of the Licensing Boards and Commissions Act, Act of July 2, 1993, P.L. 345, 63 P.S. § 2205, the civil penalty consisted of a $100.00 penalty for the first violation and a $250.00 penalty for each of the subsequent violations for a total civil penalty of $2,100.00.

misleading; and (2) when the Board has not supported the regulation with evidence showing that a substantial governmental interest is served by the requirement that the name be included in the advertising.[5]

■ Petitioner argues that the requirement that he include his name in all advertising is a violation of his freedom of commercial speech.[6] Petitioner contends that the Board has not met its burden of satisfying all four prongs of the test outlined in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980) which was adopted by the Pennsylvania Supreme Court in *Insurance Adjustment Bureau v. Insurance Commission*, 518 Pa. 210, 542 A.2d 1317 (1988).

The Board responds that it has met its burden in this case. The Board contends that failure to include the name of a supervisor in advertising is inherently and/or potentially misleading, that there is a substantial public interest in identifying the supervising funeral director of each establishment, and that the regulation is no broader than necessary to further that interest.

■ The United States Supreme Court stated in *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976) that even though commercial speech is protected, it may be subject to some regulation. The protection available for particular commercial expression turns on the nature of both the expression and of the governmental interest served by its regulation. *Central Hudson*, 447 U.S. at 563, 100 S.Ct. 2343. *Central Hudson* outlined a four part test for assessing the validity of restrictions on commercial speech. First, it must be determined whether the expression is constitutionally protected. For commercial speech to receive such protection, it at least must concern lawful activity and not be misleading. *Id.* at 566, 100 S.Ct. 2343. Second, we ask whether the governmental interest is substantial. If it is concluded that the interest is substantial, a determination must be made as to whether the regulation directly advances the government interest asserted, and whether it is not more extensive than necessary to serve that interest. *Id.* at 566, 100 S.Ct. 2343. However, contrary to the arguments put forth by the parties in this case, this Court's research indicates that the parties have incorrectly focused on the *Central Hudson* test and that this test does not apply in this instance.

The test in *Central Hudson* has been used to determine if prohibitions on information in advertising, such as a prohibition on advertising prices of prescription drugs or advertising what state and federal bars an attorney has been admitted to practice, violates the right to freedom of commercial speech. In this case, there is no prohibition at issue but a disclosure requirement is at issue, *i.e.* that the advertising funeral

5. Our review of a decision of the Board is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Ciavarelli v. State Board of Funeral Directors*, 129 Pa.Cmwlth. 305, 565 A.2d 520 (1989) and the Administrative Agency Law, 2 Pa.C.S. § 704.

6. Petitioner does not cite to either the United States Constitution or the Pennsylvania Constitution in his argument. However, when analyzing a case based on the Pennsylvania Constitution, we would observe the same minimum standards of analysis and substantive protection as the United States Supreme Court has required under the federal Constitution. *Commonwealth v. State Board of Physical Therapy*, 556 Pa. 268, 728 A.2d 340 (1999).

The First Amendment to the United States Constitution provides in pertinent part that: "Congress shall make no law...abridging the freedom of speech, or of the press...."

The Pennsylvania Constitution provides in pertinent part that: "The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty...."

establishment must include the name of the supervising funeral director in its advertisements. The parties have overlooked the material differences between disclosure requirements and outright prohibitions. *See Zauderer v. Office of Disciplinary Counsel of the Supreme Ct. of Ohio*, 471 U.S. 626, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985). In *Zauderer*, an attorney challenged as violative of his right to free commercial speech a state requirement that he include, in advertising his availability on a contingent fee basis, the information that clients might be liable for significant litigation costs even if their lawsuits were unsuccessful. The appellant argued that the assessment of the validity of this requirement involved the same analysis as an assessment of the validity of a prohibition on advertising content. In determining that such an analysis was not warranted, the Court reasoned that:

In requiring attorneys who advertise their willingness to represent clients on a contingent-fee basis to state that the client may have to bear certain expenses even if he loses, Ohio has not attempted to prevent attorneys from conveying information to the public; it has only required them to provide somewhat more information than they might otherwise be inclined to present. We have, to be sure, held that in some instances compulsion to speak may be as violative of the First Amendment as prohibitions on speech.... But the interests at stake in this case are not of the same order.... Ohio has not attempted to prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by work or act their faith therein. The State has attempted only to prescribe what shall be orthodox in commercial advertising, and its prescription has taken the form of a requirement that appellant include in his advertising purely factual and uncontroversial information about the terms under which his services will be available. Because the extension of the right to commercial free

speech is justified principally by the value to consumers of the information such speech provides...appellant's constitutionally protected interests in not providing any particular factual information in his advertising is minimal. Thus, in virtually all our commercial speech decisions to date, we have emphasized that because disclosure requirements trench much more narrowly on an advertiser's interests than do flat prohibitions on speech, "warnings or disclaimers might be appropriately required...in order to dissipate the possibility of consumer confusion or deception."

*Id.* at 650–651, 105 S.Ct. 2265. (Citations omitted.)

The Court went on to state that it did not mean to suggest that disclosure requirements did not implicate the advertiser's rights to freedom of commercial speech at all, but held that an advertiser's rights are adequately protected as long as disclosure requirements are reasonably related to the State's interest in preventing deception of consumers. *Id.* at 651, 105 S.Ct. 2265.

In this case, similar to the situation in *Zauderer*, the Board regulation at issue does not attempt to prevent funeral directors, such as Petitioner, from conveying information to the public. Instead, it is merely requiring that the public be provided slightly more information than the funeral establishment might be inclined to present.

█ As argued by the Board, this rather small and what this Court considers to be a fairly innocuous requirement to include the name of the supervising funeral director in any advertisement is reasonably related to the state's interest in preventing deception of consumers. Generally, the time in which the consumer seeks the services of a funeral establishment is a very emotional and vulnerable time as a loved one has most likely just passed away leaving the consumer vulnerable and more susceptible to being deceived or cheated.

Indicating the name of a supervisor in all advertisements who is ultimately responsible for complying with the Act lessens the possibility that the consumer may be deceived at little or no inconvenience to the funeral director.

Accordingly, we conclude that the Board's regulation at 49 Pa.Code § 13.193 does not unconstitutionally restrict Petitioner's right to freedom of commercial speech. Therefore, the order of the Board imposing a civil penalty of $2,100.00 for violation of the regulation is affirmed.[7]

## O R D E R

AND NOW, this 30th day of September, 1999, the order of the State Board of Funeral Directors dated September 2, 1998, assessing a civil penalty of $2,100.00 is affirmed.

---

**7.** Although this appears to be a case of first impression in this jurisdiction, we note that other jurisdictions have reached the same result in similar circumstances. *See Harris v. Agency for Health Care Administration,* 671 So.2d 230 (Fla.1996)(statute requiring that a licensed mental health counselor shall include the words 'licensed mental health counselor' or the letters 'LMHC' on all advertisements naming the licensee was not a violation of appellant's right to freedom of commercial speech.)