JOANOS, J.
Appellants seek review of a non-final order in which the trial court granted ap-pellee’s motion for a discovery protective order prohibiting appellants from engaging in demonstrations as a discovery device. We dismiss the appeal as the order is an interlocutory discovery order which is not included in the list of appealable non-final orders enumerated in Florida Rule of Appellate Procedure 9.130(a)(3)(B).
Appellants sued appellee and one Byron Dwyer for batteries allegedly committed in 1997 upon appellants by Dwyer when appellants were picketing the Veterinary Center. The picketing activity was related to appellant Pescod’s disagreement with the Center concerning charges for her dog’s board, grooming and allegedly improper care. Appellee counterclaimed for libel per se, slander per se, and tortious interference with a business relationship. Ultimately, the case was set for trial. Shortly before discovery was scheduled to end, appellant Pescod’s attorney sent a letter advising the Veterinary Center’s counsel of appellant’s intent—
to bolster their defense to your client’s defamation charges by conducting fact finding investigations in front of the Vet Center. They will specifically be asking via placard, information sheets and other means, if anyone has any information regarding the Vet Center’s mistreatment or maltreatment of animals in it’s [sic] care. It may reasonably be expected that the fact finding will attract media attention. Further my client and the Stricklands are considering placing advertisements requesting similar information in local newspapers.
Counsel for appellants Strickland also sent a similar letter dated the same date to counsel for the Veterinary Center. This letter stated in pertinent part:
My clients and I further discussed the need for gathering information concerning the allegations of mistreatment of animals. In that this information has been requested from Wells Road Vet Center and it has not been produced and after taking the testimony of various employees and their denial of such conduct, our only recourse again would be to demonstrate for the purposes of gathering that information. As we discussed on February 2, 1999, we agreed to hold off on demonstrations until you had an opportunity to speak with your client to see if there was anyway of resolving the law suit short of demonstrating. We agreed that no demonstration would occur before February 8, 1999, and my clients have agreed with that as well.
Appellee’s counsel promptly responded by fax indicating that if appellants persisted in their intended demonstrations, appellant would seek emergency relief from the Court, including a “no-contact order entered for the duration of this case until the trial of this case.”
Soon thereafter, appellee filed an emergency motion for protective order pursuant to Florida Rules of Civil Procedure 1.010, 1.280(c), and 1.610. Appellants replied, alleging that the relief sought abridged their constitutional guarantee of freedom of speech, and further alleged the *1097 intended fact gathering was not defamatory. After an evidentiary hearing, the trial court entered the order appealed here, styled an “Order Granting Protective Order” pursuant to Florida Rule of Civil Procedure 1.280(c) and applicable law. Paragraph 22 of the order states:
Accordingly, this Court grants the Emergency Motion for Protective Order and other Relief pursuant to Florida Rule of Civil Procedure 1.280(c) and applicable law, and further orders that the Plaintiffs and Defendants have no further contact for the duration of this case until this case is finally tried on the merits, and that the Plaintiffs/Counter-defendants shall not directly or indirectly engage in any further demonstrations which refer in any way to the Veterinary Center or which are within three hundred (300) yards of the Veterinary Center until this case is tried on the merits or otherwise finally disposed of.
The order does not preclude appellants from obtaining discovery by newspaper ads or some other traditional methods. Since the record before us does not include a transcript of the hearing, our review is limited to the documentary items before us. Clearly, we do not have full knowledge of the evidence presented to the trial court.
Appellants in this case proposed to conduct additional demonstrations in the vicinity of the Veterinary Center long after the lawsuit had been filed. The only reason they gave for the proposed demonstrations was to obtain additional witnesses with knowledge as to the Center’s alleged abuse of pets entrusted to its care. Appellants argue on appeal that the subject protective order is in the nature of a temporary injunction, and, as such, fails to meet the standards for the granting of a temporary injunction. Further, they argue that the order constitutes an unconstitutional abridgement of the freedom of speech provided by the Florida and the United States Constitutions. They make no argument as to any purpose to be served by the proposed demonstration, other than as a discovery technique. While they argue the conclusionary view that the subject order will violate their freedom of speech rights, they assert no particular pronouncement or point of view or cause that is being stifled by the order.[1] Further, they do not argue that the order does not fit under Rule 1.280(c), but instead state that it essentially is an injunction and as such does not meet the criteria of Rule 1.610 regarding injunctions and, therefore, should be reversed.
Appellee has responded that the protective order simply limited the manner in which Appellants sought discovery, thus it is a non-final discovery order over which this Court lacks jurisdiction at this time. See Fla.R.App.P. 9.130(a). We agree.
The Order Granting Protective Order here at issue states on its face that it was granted pursuant to Florida Rule of Civil Procedure 1.280(c) and applicable law. Florida Rule of Civil Procedure 1.280(c) states in pertinent part:
(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, ...
A trial court possesses broad discretion in overseeing discovery and protecting the parties that come before. it. See Rojas v. Ryder Truck Rental, Inc., 641 So.2d 855, 857 (Fla.1994). It is well set- *1098 tied that “[discovery in civil cases must be relevant to the subject matter of the case and must be admissible or reasonably calculated to lead to admissible evidence.” Although the concept of relevancy is broader in the discovery context than in the trial context, discovery is limited to the range of permissible issues to be litigated. See Woodward v. Berkery, 714 So.2d 1027, 1037 (Fla. 4th DCA), review denied, 717 So.2d 528 (Fla.1998). See Allstate Insurance Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Further, courts recognize that certain types of discovery may cause material injury of an irreparable nature. See Allstate, 655 So.2d at 94.
Under the “Conclusions of Law” portion of the subject order, the trial court found the record would support an inference that the demonstrations had a deleterious effect on the Center. The court further found the evidence would support a conclusion that the threat of additional demonstrations was an effort to obtain witnesses and evidence which would be hearsay and irrelevant to the information known to appellants in the summer of 1997, when the cause of action arose. The trial court indicated the suggested demonstrations in the vicinity of the Veterinary Center posed potential threats to public safety, because the Center is located at an intersection directly across from a shopping mall. On the basis of the evidence and the applicable law, the court concluded appellants’ proposed activities “would constitute defamation and disparagement of the business, harassment and annoyance to its customers and would be unfair according to contemporary business standards.” Accordingly, it entered the order at issue.
The appealed order is analogous to the “stayaway order” at issue in Lamothe v. Sellars, 695 So.2d 1259 (Fla.App. 4th DCA 1997). Here, as in Lamothe, there were “incidents” involving verbal and physical confrontations. The Lamothe court found after an evidentiary hearing that the “stay-away orders” were not related to relief sought in plaintiffs’ complaints and were no more appealable as injunctions than are orders compelling production, attendance, or behavior of parties in a trial. The “Conclusions of Law” section of the order includes the term “irreparable harm,” which sometimes is associated with a grant or denial of injunctive relief. Nevertheless, it appears the order constitutes a valid exercise of the trial court’s discretion to oversee discovery and to protect the parties before it. See Fla.R.Civ.P. 1.280(c). See also Rojas, 641 So.2d at 857. While the order does somewhat restrict the activities of appellants, both physically and verbally, we see the action taken as reasonable within the spectrum of Rule 1.280(c).
If the subject order in this case were viewed as an injunction, it would not be in full compliance with Rule 1.610 governing injunctions, in that no bond has been ordered as required by subsection (b) of that rule. In other respects, the order does adhere to most of the requirements of the temporary injunction rule. The reasons for entry of the order are clearly stated, and the acts constrained are set out in sufficient detail. Although certain language used in the order is often associated with injunctive relief, our view is that the trial court did not intend to enter a temporary injunction. The general purpose of a temporary injunction is to preserve the status quo until full relief can be granted in a final hearing. See Liberty Financial Mortgage Corp. v. Clampitt, 667 So.2d 880, 881 (Fla. 2d DCA 1996). The apparent purpose of the order here was to curb the unorthodox manner of discovery intended to be used by appellants and to protect appellee from annoyance and oppression, purposes which Rule 1.280(c) was intended to serve.
We are cognizant that restrictions upon picketing and other activities on an issue of public concern may implicate core First Amendment principles. See Operation Rescue v. Women’s Health Center, 626 So.2d 664, 671 (Fla.1993), aff'd in part, *1099 reversed in part on other grounds by, Madsen v. Women’s Health Center, Inc., 512 U.S. 753, 114 S.Ct. 2516, 129 L.Ed.2d 598 (1994). However, we see. no infringement here upon an issue of public concern as none has been espoused. The sole purpose advanced for the plan to demonstrate was to gather discovery for the coming trial. Consequently, we concur in the discretion exhibited by the trial court in the entry of the order.
We are also aware that arguably, we might treat this appeal as a petition for certiorari review. However, certiorari is rarely granted in cases where the lower court denies discovery of certain information, because harm from such orders generally can be rectified on appeal. “In the rare cases where certiorari is granted, the petitioner has met the heavy burden of demonstrating irreparable injury by showing that without an order compelling discovery, information critical to the cases would never be known and would not be available to the appellate court for review.” See Riano, 665 So.2d at 1144. The lack of information in such cases would have effectively prevented the litigation and there would be’ no practical way to determine after judgment what the testimony would be or how it would affect the result.
Appellants have not shown that the prohibitions set out in this order will prevent the litigation or that information critical to the case will never be known. The trial court found the information and witnesses relevant to the issues in the lawsuit were known to appellants in 1997, and any later-acquired information would be irrelevant hearsay. Appellants have not shown irreparable injury due to the prohibitions in the order.
Since it appears the challenged order is a non-appealable non-final order, we dismiss the appeal.
PADOVANO, J., CONCURS. WEBSTER, J., DISSENTS WITH WRITTEN OPINION.

. More particularly, appellants have not claimed that the protective order will interfere with their constitutionally protected right of expression with regard to politics, nationalism, religion, or other matters of opinion. See generally Harris v. Agency for Health Care Administration, 671 So.2d 230, 232 (Fla. 1st DCA 1996), citing Zauderer v. Office of Disciplinary Counsel of Supreme Ct. of Ohio, 471 U.S. 626, 650-51, 105 S.Ct. 2265, 2281-82, 85 L.Ed.2d 652 (1985).