WEBSTER, J.,
dissenting.
I am unable to agree that the order appellants seek to have us review is a non-appealable non-final order. Accordingly, I dissent.
Appellee filed in the trial court an “Emergency Motion for Protective Order and Other Relief.” In that motion, ap-pellee sought to prohibit “further demonstrations” by appellants pending the outcome of the litigation. The relief was requested pursuant to Florida Rules of Civil Procedure 1.280(c) (relating to protective orders involving discovery) and 1.610 (relating to injunctions). In the motion, appellee alleged that, before the litigation had begun, appellants had “engaged in multiple demonstrations against” it which had been intended to turn away its customers. The litigation arises out of those demonstrations. According to appellee, “[t]he excuse” offered by appellants for the “further demonstrations” was a desire to attempt to obtain the names of potential witnesses. Appellee alleged, further, that the threat of such “further demonstrations” was “be[ing] used as a tactical tool to harass [appellee] by further damaging [its] business ..., [and] by annoying [its] clients and staff ... with ... intemperate and defamatory conduct....” Finally, appel-lee alleged that it “w[ould] suffer irreparable harm and may not have an adequate remedy at law since counsel for [appellants] have represented that any judgment against [appellants] would be uncollectible.” Appellee requested that appellants be prohibited from conducting any “further demonstrations,” and that the parties be directed not to have any further contact until the litigation had been completed.
Following a hearing, the trial court entered the order in question. That order includes conclusions of law that (1) the trial court possesses the power to grant injunctive relief to prevent irreparable injury that would otherwise be caused by libelous or slanderous statements publish *1100 ed as a part of a course of conduct deliberately carried out for a fraudulent or otherwise unlawful purpose; and (2) appellee would likely suffer irreparable injury if the demonstrations were permitted. Accordingly, it holds (1) that the parties are to have no further contact pending the outcome of the litigation; (2) that appellants are not to “directly or indirectly engage in any further demonstrations which refer in any way to [appellee]” pending the outcome of the litigation; and (8) that appellants are not to participate in any demonstration of any nature, regardless of its subject, within 300 yards of appellee’s place of business pending the outcome of the litigation. This appeal follows.
Appellants argue that the order in question is essentially a temporary injunction which impinges upon rights to free speech and assembly guaranteed by the state and federal constitutions. In addition to arguing that the restrictions are unconstitutional, they contend that the order must be reversed because it fails to comply with the requirements of Florida Rule of Civil Procedure 1.610 relating to temporary injunctions.
Appellee responds that the appeal must be dismissed because the order is nothing more than a protective order, entered pursuant to Florida Rule of Civil Procedure 1.280(c), and that such interlocutory orders are not appealable. It relies principally upon the decision in Lamothe v. Sellars, 695 So.2d 1259 (Fla. 4th DCA 1997). The majority agrees, and dismisses the appeal.
It seems to me that Lamothe, upon which appellee and the majority rely, is clearly distinguishable. In that case, the order under review merely directed the parties to have no contact with each other, except through counsel, and prohibited the appellant from going within a certain distance of the appellees’ business. There is no suggestion that any issue claiming an infringement of constitutionally protected rights to free speech or assembly was presented.
I have no quarrel with the holding in Lamothe that the order was intended merely as a protective or case management order to control the proceeding, and not as an injunction. Here, however, it seems to me that the operative facts are significantly different. Appellee’s “Emergency Motion” can clearly be read as requesting injunctive, as well as other, relief. (The motion actually recites that reliance is being placed upon Florida Rule of Civil Procedure 1.610, relating to injunctions, as well as other rules.) Moreover, the order in question includes as conclusions of law that the trial court possesses the power to grant injunctive relief to prevent irreparable injury, and that appellee is likely to suffer irreparable injury if the demonstrations are permitted. Finally, the order clearly prohibits appellants from participating in any demonstration which refers in any way to appellee, and (even more troubling) any demonstration, regardless of its subject, that occurs within 300 yards of appellee’s place of business. I am unable to say that the relief granted here merely controlled the course of the litigation. On the contrary, it seems to me that the language of the order (which is clear and unambiguous) enjoins appellants from engaging in constitutionally protected speech and assembly. Accordingly, I would treat the order as one granting a temporary injunction and, therefore, an order that is appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B); and I would reach the merits.
On the merits, the order seems to me to impinge upon constitutionally protected rights to free speech and assembly, without adequate justification. However, I would find it unnecessary to reach that issue because it is clear that the order fails to comply with the requirements of Florida Rule of Civil Procedure 1.610, relating to temporary injunctions. It is undisputed that no bond was required, notwithstanding rule 1.610(b). It is, moreover, fairly clear that the order fails to comply with rule 1.610(c) because it does not “specify the reasons for entry,” including, among *1101 other things, what injury would result if it were not entered and why that injury would be irreparable. For these reasons, I would reverse.
Even if, as the majority concludes, the order was intended merely to prohibit appellants from engaging in a particular means of discovery and, therefore, is not appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), it seems to me that we should address the merits by treating the appeal as a petition seeking a writ of certiorari. In my opinion, the language of the order is far broader than would be necessary to prevent any discovery abuse such as concerns the majority. As a result of the breadth of that language, it seems to me that appellants raise substantial questions regarding whether the trial court departed from the essential requirements of law by restricting constitutionally protected rights to free speech and assembly.
Because the majority declines to address the merits of appellants’ arguments, respectfully, I dissent.