# IN THE SUPREME COURT OF PENNSYLVANIA

IN RE:                                          :          NO. 166
                                                :
ORDER AMENDING RULE OF                          :          DISCIPLINARY BOARD
PROFESSIONAL CONDUCT 7.3                        :
                                                :
                                                :
                                                :

## DISSENTING STATEMENT

**JUSTICE DONOHUE**

I respectfully disagree with the decision of the majority of my colleagues to adopt the proposed amendment to Rule of Professional Conduct 7.3. Under both the United States and Pennsylvania Constitutions, commercial speech that is neither misleading nor related to unlawful activity may be regulated only if, inter alia, the commercial speech regulation is narrowly drawn. *Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 624 (1995) (citing *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 557, 564-65 (1980)); *Commonwealth Bureau of Prof. and Occupational Aff. v. State Bd. of Physical Therapy*, 728 A.2d 340, 343 (Pa. 1999). This Court has held that this requires commercial speech regulations to be the least restrictive means of advancing the asserted interest. *Commonwealth Bureau of Prof. and Occupational Aff.*, 728 A.2d at 343.

As proposed, the rule appears to be wildly over inclusive and will curb more speech than is necessary to effectuate the goal of the amendment. The proposed

amendment does not differentiate between the vast majority of domestic relations actions and those where there exists the potential that a partner may become violent when learning of the domestic relations action. In my view, there is a less restrictive alternative available, as the Court could require that in cases where domestic violence is a concern, the plaintiff could file a motion to seal the complaint until service upon the defendant is made. It seems to me that such a rule would accomplish the laudable goal of the amendment – reducing domestic violence – while also ensuring that it does not unconstitutionally infringe upon an attorney's right to commercial speech.

As the proposed amendment does not pass constitutional scrutiny, I dissent.