776 So.2d 300 (2000)
JUDICIAL WATCH, INC., Petitioner,
v.
Jane CARROLL, Supervisor of Elections, Broward County, George W. Bush, The Republic Party of Florida, and The Republican Party of Broward County, Respondents.
No. 4D00-4427.
District Court of Appeal of Florida, Fourth District.
December 20, 2000.
Rehearing Denied January 30, 2001.
*301 Larry Klayman, Washington, D.C., for petitioner.
Samuel S. Goren, Michael D. Cirullo, Jr., and James A. Cherof of Josias, Goren, Cherof, Doody & Ezrol, P.A., Ft. Lauderdale, for Respondent Jane Carroll.
Linda Spaulding White, Vanessa A. Reynolds, and Wendy A. Delvecchio of Conrad & Scherer, Ft. Lauderdale, for Respondent George W. Bush, the Republican Party of Florida, and the Republican Party of Broward County.
*302 WARNER, C.J.
Petitioner, Judicial Watch, filed a notice of appeal from an order requiring the Supervisor of Elections to comply with the notice provisions of sections 101.572 and 119.07(1)(c), Florida Statutes (2000), before allowing public inspection and examination of ballots cast in Broward County in the November 7, 2000, election. After reviewing the briefs on jurisdiction, we conclude that we do not have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(B), regarding granting or denying injunctions. Instead, we treat this appeal as a petition for certiorari and deny the same.
Judicial Watch filed a complaint on November 10, 2000, against the Supervisor of Elections of Broward County, seeking to inspect the ballots cast in the November 7, 2000, election. After some complications, mainly due to the contest of the election by Vice President Al Gore, filed in Leon County, the supervisor agreed on December 6th to allow Judicial Watch to begin inspecting the ballots on December 7th at 10:00 a.m. Counsel for intervenors, Governor George W. Bush and the Republican Party, learned of the inspection during the afternoon of December 6th, and immediately began efforts to contact counsel for Judicial Watch. During the early morning of December 7th, intervenors filed an emergency motion to intervene and an emergency motion to temporarily enjoin inspection of the ballots until after the election was determined with finality. Both the motion and notice of a hearing at 8:45 a.m. on that day were faxed to counsel for Judicial Watch. Counsel admits receiving notice of the hearing about one-half hour prior to the hearing but states that he could not attend.
At the hearing, which actually began about 9:40 a.m., counsel for intervenors requested a temporary injunction due to the pendency of the election contest in Leon County and the fact that counsel for Governor Bush had subpoenaed these same ballots in that proceeding. The trial court expressed concern as to whether notice of the inspection had been given to all candidates whose names appeared on the ballots as required by section 101.572. When counsel for the supervisor could not advise the court that notification had been made to all candidates, the court concluded that the inspection could not proceed until everyone entitled to notice had received it. The court noted that the supervisor could give notice that same day, at which point counsel for intervenors noted that he would then be back regarding the injunction. The court's order deferred ruling on the request for injunction.
In this case the court simply required that the statutory notice to all candidates be provided before inspection could begin. We do not read this as being an injunction preventing inspection, appealable as a non-final order. Rule 9.130(a)(3)(B) provides appellate review of orders that "grant, continue, modify, deny or dissolve injunctions ..." The intervenors requested an injunction and the court did not rule on the request. We agree with Miami Heat Ltd. P'ship v. Leahy, 682 So.2d 198, 201 (Fla. 3d DCA 1996), that orders which do not directly grant or deny an injunction but may still be appealable under this rule are orders that have the practical effect of granting or denying an injunction, that have serious, possibly irreparable consequence, and that can be effectively challenged only by immediate appeal.
All of the factors of Miami Heat Ltd. are not present in this case. All the order required was that statutory notice be given as a condition precedent to inspection. Even if we consider the order that directs the supervisor not to allow inspection until the statutory notice was provided as having the practical effect of an injunction, Judicial Watch has not pointed to any serious, irreparable consequence that would occur as a result of the judge's order. Indeed, the only serious consequence may be in failing to give the requisite notice required by the statute. Finally, there *303 were clearly other ways of challenging the order. In fact, Judicial Watch itself filed that afternoon an emergency motion for rehearing of the order but then canceled it by a notice of withdrawal stating that a third party indicated that the court would not entertain the motion on Thursday or Friday. Moreover, Judicial Watch could have demanded by way of petition for mandamus that the supervisor immediately give notice to the candidates so that the inspection could proceed. There is no indication in this record that it made that request. We thus conclude that the order is not an appealable non-final order.
We therefore consider whether the relief requested may be considered under our certiorari jurisdiction. In order to obtain certiorari review, the petitioner must establish that the order of the trial court constituted a departure from the essential requirements of law which cannot be redressed on review of the final judgment. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987). In the instant case, there is no departure from the essential requirements of law. The statute requires that all candidates whose names appear on the ballot must be given notice of the inspection. Nowhere in this record is it revealed that notice to the candidates was given. All Judicial Watch states in its brief is that enough time had passed that everyone should have known of its request. That is not proof that the statutory notice was given. It cannot be a departure from the essential requirements of law to do what the law expressly requires.
Finally, Judicial Watch engages in considerable argument as to whether the court conducted an ex parte hearing and whether the court denied it time for an emergency rehearing of the issue. As recited above, it received notice of the emergency hearing by fax at least one-half hour prior to its commencement. When the court deals with emergency matters, notice of a hearing should be given as is reasonable for the situation. Given the fact that counsel for intervenors only became aware of the inspection at 5 p.m on December 6th, we cannot say that the notice was unreasonable under the circumstances.
As to the emergency motion for rehearing, Judicial Watch withdrew that motion, concluding that a third party told it that the judge would not schedule a hearing that week. As proof for that proposition, petitioner offers the affidavit of one of its counsel that on December 6th the trial judge's judicial assistant told him that the judge did not consider the motion to compel inspection an emergency matter, that the judge was involved in a trial that had to be completed that week, and that a hearing could be set on the court's uniform motion calendar any morning or at a specially set hearing on December 15th. The morning motion calendar itself would have provided Judicial Watch with an expedited hearing on the matter on any morning of the week.
The court never denied a hearing to Judicial Watch. In fact, it gave it several opportunities to hold a hearing. Moreover, the motion to compel inspection was made unnecessary by the agreement of the supervisor to permit inspection on December 7th. The situation, of course, changed on December 7th with the intervention by counsel for Governor Bush, but it does not appear from the record that Judicial Watch made any attempt to schedule its motion. Instead it took this appeal and filed a notice of withdrawal of its motion for rehearing.
The record does not show that the court refused a requested expedited hearing either before or after December 7th. The petitioner has not shown that it has been refused any hearing which it requested. There is no departure from the essential requirements of law, and there is a complete absence of any merit to the arguments *304 raised by petitioner.[1]
The petition is denied.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] As a result we have granted both respondent's motions for section 57.105 attorney's fees.