904 So.2d 623 (2005)
David SLADE, Appellant,
v.
FEDERATED NATIONAL INSURANCE COMPANY, Appellee.
No. 4D04-1463.
District Court of Appeal of Florida, Fourth District.
June 22, 2005.
*624 Diran V. Seropian of Edna L. Caruso, P.A., West Palm Beach, Jeffrey Orseck of Jeffrey Orseck, P.A., Fort Lauderdale, Brian M. Torres of Sheftall & Torres, P.A., Miami, and Jack Scarola and Sean C. Domnick of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellant.
Mara Shlackman and Hinda Klein of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for appellee.
FARMER, C.J.
The insured under a motor vehicle policy providing for collision coverage sued the insurance carrier on behalf of himself and a proposed class of similar policy holders for violations of the repair and replacement provisions. The insurance carrier moved to dismiss the class action allegations on the grounds that they were not sufficient to maintain a class action. After two hearings, the trial court dismissed the class action allegations with prejudice.
The insured appealed the dismissal to this court, arguing that rule 9.130(a)(3)(C)(vi) and (a)(6) give us jurisdiction. Subdivision (a)(3)(C)(vi) allows non-final review of orders determining "that a class should be certified." Subdivision (a)(6) allows non-final review of orders "that deny motions to certify a class." The order in question grants a motion implicitly made under rule 1.140(b)(6) and dismisses class action allegations. It does not determine that a class should not be certified. Nor does it deny a motion to certify a class. We do not think the order is reviewable.
We repeat the analysis we made in Jenne v. Maranto, 825 So.2d 409 (Fla. 4th DCA 2002), reh'g denied (Aug 21, 2002):
Our jurisdiction has been invoked under rule 9.130. As the supreme court explained about nonfinal review under this rule:
"The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders. The theory underlying the more restrictive rule is that appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment."

Travelers Ins. Co. v. Bruns, 443 So.2d 959, 961 (Fla.1984). The enumerated categories of permissible nonfinal review stated in rule 9.130 must be limited to their plain meaning. 443 So.2d at 960 ("Petitioner's argument is contrary to the plain meaning of the rule...."). The rule does not authorize judges to enlarge its provisions to permit review of nonfinal orders not specified within its provisions. See BE & K Inc. v. Seminole Kraft Corp., 583 So.2d 361, 364 (Fla. 1st DCA 1991) ("Piecemeal review of non-final orders prior to final disposition of all issues must be strictly limited as much as possible to conserve the sparse judicial resources available at the appellate level.").
Jenne, 825 So.2d at 412-13. Appellant invites us, in effect, to create jurisdiction over orders dismissing class action allegations for legal insufficiency by simple construction of the rule's cited provisions. He argues that orders dismissing (or striking, for the effect is identical) class action allegations *625 are within the broad purposes of allowing non-final review of the class action orders already permitted and thus it is no stretch to recognize review of the present order.
We disagree. The order involved here is not within the plain meaning of the two provisions on which appellant relies. The only basis for dismissal raised by the motion to dismiss under rule 1.140 was the legal sufficiency of the pleading for class relief. Appellant had not moved to certify the class. Indeed the issue of class certification usually requires an evidentiary hearing, but the motion to dismiss presented only the legal sufficiency of the bare pleading without any supporting evidence.
Upon final review we might agree with appellant that it was error to dismiss the class action allegations without first allowing an amendment to attempt to cure any perceived defects in the class as pleaded. We may even agree that it was also error to treat the motion to dismiss as the functional equivalent of a motion to deny class certification because that issue could not have been addressed or determined upon the mere filing of the complaint and the motion to dismiss. We are confident, however, that the trial judge will be sensitive to these issues upon remand and allow appellant to try again.
Appeal Dismissed.
STONE and MAY, JJ., concur.