908 So.2d 560 (2005)
Michael GLEICHER, Alexis DeAza, and Optimum Resources, Inc., Appellants,
v.
CLAIMS VERIFICATION INCORPORATED, a Florida corporation, Appellee.
No. 4D04-4550.
District Court of Appeal of Florida, Fourth District.
August 10, 2005.
*561 Addison Joseph Meyers of Mintzer, Sarowitz, Zeris, Ledva & Meyers, L.L.P., Coral Gables, and Richard A. Ivers of Navon & Lavin, P.A., Fort Lauderdale, for appellants.
Lucinda A. Hofmann and Brian K. Hole of Holland & Knight LLP, Fort Lauderdale, for appellee.
GROSS, J.
This case concerns the appealability of a circuit court order indicating that a plaintiff was entitled to a preliminary injunction based on two noncompete agreements; the order withheld entry of the injunctions pending a second hearing to determine the proper scope of injunctive relief. As a basis for appellate jurisdiction, the parties rely on Florida Rule of Appellate Procedure 9.130(a)(3)(B).
We dismiss the appeal because rule 9.130(a)(3)(B) does not provide jurisdiction for this appeal. That rule authorizes review of non-final orders that "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions." See Fla. R.App. P. 9.130(a)(3)(B). The order in this case contemplates further judicial effort before any injunction becomes effective, so that it does not yet enjoin anyone. This court may raise jurisdictional deficiencies sua sponte, even when they are overlooked by the parties. See, e.g. Hi-Tech Mktg. Group, Inc. v. Thiem, 659 So.2d 479 (Fla. 4th DCA 1995); In re M.A., 593 So.2d 521, 522 (Fla. 4th DCA 1991).
Claims Verification, Inc. ("CVI"), is engaged in the business of investigating insurance fraud. It previously employed Michael Gleicher, Jorge L. Hernandez, and Alexis DeAza. As a condition of their *562 employment, Gleicher, Hernandez, and DeAza each signed noncompete agreements. Those agreements prohibited them from soliciting certain CVI clients for a specified period following their separation from the company.
Gleicher and DeAza formed a competing business and hired Hernandez to work for their new company. Later, Gleicher attempted to solicit at least one of CVI's clients. Although CVI had released DeAza from his noncompete agreement pursuant to a settlement in a separate lawsuit, Gleicher and Hernandez's noncompete agreements were still in force at that time.
After learning that Gleicher had contacted a current client, CVI filed suit against Gleicher, Hernandez, DeAza, and the new company seeking, inter alia, preliminary and permanent injunctions against Gleicher and Hernandez. During discovery, the defendants produced their client list and then asked CVI to do the same. The purpose of this discovery was to determine whether there was any merit to CVI's contention that the defendants had solicited a number of its customers. However, CVI refused to disclose the names of its clients, arguing that its list was confidential.
The circuit court held an evidentiary hearing on CVI's request for preliminary injunctions. At the conclusion of the hearing, the court indicated that it would enforce only the client non-solicitation portion of the agreement. However, because CVI had not disclosed its client list, the court was unable to identify those clients that the defendants were prohibited from contacting.
The judge stated that, absent an agreement between the parties, he would conduct a second evidentiary hearing to determine which CVI clients the defendants should be enjoined from soliciting. The court later reduced that ruling to a written order, which, in pertinent part, provided:
This injunction shall restrain Michael Gleicher and Jorge Hernandez from soliciting or attempting to solicit, contacting,... or accepting business from the above described individuals for a period of two years from the effective date of this order. The effective date will be determined after another hearing in which the specific customers are delineated.

(Emphasis added). The defendants filed this appeal before any second evidentiary hearing was held.
Rule 9.130 limits appellate review of non-final orders. As the supreme court has explained,
[t]he thrust of rule 9.130 is to restrict the number of appealable nonfinal orders. The theory underlying the more restrictive rule is that appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment.
Travelers Ins. Co. v. Bruns, 443 So.2d 959, 961 (Fla.1984). For those reasons, case law has not expanded rule 9.130's jurisdictional limitations beyond the plain language of the rule's list of appealable, non-final orders. E.g. Slade v. Federated Nat'l Ins. Co., 904 So.2d 623, 624-25 (Fla. 4th DCA 2005); Jenne v. Maranto, 825 So.2d 409, 412-13 (Fla. 4th DCA 2002).
For example, an order deferring ruling on a request for injunctive relief is generally[1] not reviewable under rule *563 9.130(a)(3)(B) because such a deferred ruling neither grants nor denies an injunction, so it is not a non-final order that grants, continues, modifies, denies, or dissolves an injunction within the meaning of the rule. E.g. Judicial Watch, Inc. v. Carroll, 776 So.2d 300, 302-03 (Fla. 4th DCA 2000); see also Barber v. Wonderland Greyhound Park, 656 So.2d 961, 962 (Fla. 5th DCA 1995).
The order in this case does not fall within the narrow jurisdictional grounds set forth in rule 9.130(a)(3)(B). The order appealed does not "grant or deny" an injunction. By its terms, the order will not become effective until after further factual findings by the trial court. For these reasons, we dismiss the appeal.
CVI has attempted to cross-appeal that portion of the order which directs it to disclose the names of its clients. Because it was a discovery order, it was not appealable under rule 9.130. See, e.g. Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 843 (Fla.2001) (recognizing that discovery orders are non-final and non-appealable); Cowan v. Fla. Dental Ass'n, Inc., 463 So.2d 285, 286 (Fla. 4th DCA 1984) (holding the same).
We treat the cross-appeal as a petition for writ of certiorari. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987). The trial court did not depart from the essential requirements of law. There was evidentiary support for the trial court's conclusion that the names of the CVI "clients" were not secret, so that CVI would not be harmed by the limited disclosure that was ordered. See Am. Express Travel Related Servs., Inc. v. Cruz, 761 So.2d 1206, 1209 (Fla. 4th DCA 2000); cf. Templeton v. Creative Loafing Tampa, Inc., 552 So.2d 288, 290 (Fla. 2d DCA 1989) (holding that customer lists are not trade secrets entitled to "injunctive protection" without proof "that they are the product of [] great expense or effort, that they are distillations of larger lists, or that they include information not available from public sources."). Therefore, the petition for writ of certiorari is denied.
FARMER and KLEIN, JJ., concur.
NOTES
[1] An exception to this rule applies when a circuit court defers ruling on an injunction until after the harm sought to be enjoined occurs. See Miami Heat Ltd. P'ship v. Leahy, 682 So.2d 198, 200-03 (Fla. 3d DCA 1996) (holding that a circuit court order that deferred ruling on the plaintiffs' request to enjoin the supervisor of elections from placing a certain question on a general election ballot until after the election occurred was reviewable under rule 9.130(a)(3)(B) because it had the "practical effect" of denying the injunction).