966 So.2d 1033 (2007)
Carl M. COLLIER, Appellant,
v.
Bradley BOHNET, Joseph Lauria and Elizabeth Lauria, Appellees.
No. 4D06-4294.
District Court of Appeal of Florida, Fourth District.
October 31, 2007.
*1034 Arthur J. Morburger, Miami, and Carl M. Collier, Lake Worth, for appellant.
William G. Shofstall, West Palm Beach, for appellee Bradley Bohnet.
HAZOURI, J.
Carl M. Collier appeals the trial court's granting of Bradley Bohnet's motion for summary judgment denying him entitlement to additional attorney's fees. We reverse and remand.
Collier, a licensed attorney, represented Bohnet in an action for damages against Joseph and Elizabeth Lauria regarding termite damage in the home they sold to Bohnet. The representation agreement provided for a hybrid contingency fee; $100.00 per hour plus a contingency fee of thirty percent of any recovery. Collier proceeded to pursue the case on Bohnet's behalf and shortly before the case was to go to jury trial, he withdrew for medical reasons, which he contends precluded him from trying the case. Following Collier's withdrawal, Bohnet hired a new attorney who Bohnet alleges performed substantial work preparing the matter for trial and was paid approximately $11,000.00 for his services. Eventually, Bohnet and his new counsel settled the case.
Subsequently, Collier filed a motion for entitlement to attorney's fees, and the parties filed cross-motions for summary judgment on the issue of entitlement. Specifically, Collier argued he was owed a balance of $1,376.00 in hourly fees, and thirty percent of the settlement as a contingency fee, pursuant to a representation agreement between Collier and Bohnet.
The trial court granted Bohnet's motion for summary judgment, denied Collier's motion for summary judgment, and entered a judgment stating that Collier is not entitled to the additional fees he seeks, under the authority of Faro v. Romani, 641 So.2d 69, 71 (Fla.1994) (holding that when an attorney withdraws from representation upon his own volition, and the contingency has not yet occurred, the attorney forfeits all rights to compensation, unless the client's conduct makes the attorney's continued performance either legally impossible or causes the attorney to violate an ethical rule). The trial court erred in determining that Collier's withdrawal was voluntary as a matter of law because there were genuine issues of material fact that could not be determined by way of summary judgment.[1]
*1035 Therefore, upon remand, the trial court should conduct an evidentiary hearing to determine if Collier's withdrawal was required by Rule 4-1.16(a)(2) of the Rules Regulating the Florida Bar, which provides in pertinent part:
[A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
. . .
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client. . . .
R. Regulating Fla. Bar 4-1.16(a)(2). If the trial court concludes that Collier's withdrawal was voluntary, as Bohnet claims, then Collier is precluded from any additional fees, other than the $1,376.00 for hourly work which remains unpaid. Should the trial court determine that Collier's withdrawal was involuntary, it should make a determination based upon quantum meruit as to additional fees, if any, earned by Collier. In assessing any additional attorney's fees, the trial court should take into account the amount of attorney's fees paid to Bohnet's new attorney and in no instance shall Bohnet be responsible for fees, which, in total, exceed his original fee agreement with Collier.
Reversed and Remanded.
KLEIN, J. and EMAS, KEVIN M., Associate Judge, concur.
NOTES
[1] "The standard of review of an order granting summary judgment is de novo." Mobley v. Gilbert E. Hirschberg, P.A., 915 So.2d 217, 218 (Fla. 4th DCA 2005) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000)). The party moving for summary judgment has the burden of proving the absence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). "If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury [or in the instant case the judge as the trier of fact] as a question of fact to be determined by it." Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (citations omitted).