PER CURIAM.
 

 Thomas O’Hanlon, as trustee of the Habitat Trust, filed this appeal of a nonfi-nal order granting Robert G. Herndon’s motion for relief from a final judgment of foreclosure. The order also granted Hern-don’s motion to rescind foreclosure sale, motion to vacate certificate of sale, and motion to vacate certificate of title. We reverse the circuit court order to the extent that it grants relief which was not requested in Herndon’s motion.
 

 
 *724
 
 O’Hanlon, as trustee of the Habitat Trust, filed a complaint seeking to foreclose on property based on Herndon’s default on a note and mortgage. After a hearing, the circuit court granted O’Han-lon’s motion for summary final judgment and entered a final judgment of foreclosure. A foreclosure sale was held and O’Hanlon was the successful bidder at the sale. Thereafter, a certificate of sale and a certificate of title were issued for the property.
 

 In Herndon’s motion seeking relief from the final judgment of foreclosure, he alleged that his wife was improperly allowed to act as his attorney throughout the proceedings. Herndon stated that he had been ill and had given his wife power of attorney. However, his wife mistakenly believed that she could act as Herndon’s attorney in the lawsuit. In requesting relief from the final judgment, Herndon alleged that he had four meritorious defenses to O’Hanlon’s complaint and motion for summary final judgment. One of his defenses was that the mortgage and note were void because Habitat Trust never filed a Declaration of Trust with the Secretary of State pursuant to section 609.02, Florida Statutes (2006), and therefore, it could not conduct business as a trust.
 

 In granting Herndon’s motion for relief from the final judgment of foreclosure, the circuit court also ruled on the above defense and concluded that O’Hanlon could not lawfully bring a foreclosure action founded on the note and mortgage filed in the case. The circuit court’s ruling was improper because this issue was not a basis of the motion for relief from the final judgment of foreclosure; it was only alleged to be a possible meritorious defense to O’Hanlon’s complaint and motion for summary final judgment.
 

 Accordingly, we affirm the order to the extent that it grants relief from the judgment of foreclosure and reopens that proceeding. However, we reverse that portion of the circuit court’s order ruling that O’Hanlon is precluded from bringing a foreclosure action founded on the note and mortgage in this case. Whether section 609.02 applies in this case and what the penalty or remedy might be for noncompliance with this statute are complex issues that we do not resolve in this appeal.
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND, WHATLEY, and KELLY, JJ, Concur.