PER CURIAM.
The City of Panama City seeks review of a nonfmal order granting in part Appel-lees’ motion for partial summary judgment. We dismiss the appeal for lack of jurisdiction.
In response to our order to show cause why this appeal should not be dismissed, the City asserts that the order is reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(B), which authorizes appeals of nonfinal orders that “grant ... injunctions.” The City concedes that the order on its face does not grant injunctive relief, but it argues that the order is reviewable under this rule because, by granting summary judgment in favor of Appel-lees on the counts in the complaint seeking injunctive and mandamus relief, the order necessarily has the effect of granting such relief against the City. We disagree.
Contrary to the City’s argument, the order does not grant injunctive or mandamus relief against the City, nor does the order have the practical effect of an injunction. The order does no more than grant a motion for partial summary judgment on the counts in Appellees’ complaint seeking injunctive and mandamus relief. The order does not enter judgment on those counts, nor does the order direct the City to take, or refrain from taking, any action. See Gleicher v. Claims Verification Inc., 908 So.2d 560 (Fla. 4th DCA 2005) (explaining that an order that “does not yet enjoin anyone” and that does not have the “practical effect” of an injunction is not renewable under rule 9.130(a)(3)(B)); Cardiothoracic and Vascular Surgery, P.A. v. West Fla. Reg’l Med. Ctr., 993 So.2d 1060 (Fla. 1st DCA 2008) (“Because the order on appeal did no more than grant summary judgment, the order is not final.”). Accordingly, the order is not reviewable under rule 9.130(b)(3)(B) and we therefore lack jurisdiction to consider this appeal.
DISMISSED.
DAVIS, LEWIS, and WETHERELL, JJ., concur.