COHEN, J.
Ross A. elevens (“elevens”) appeals from a nonfinal order entered pursuant to his settlement agreement with OMNI Healthcare, Inc. (“OMNI”). We dismiss the appeal for lack of jurisdiction.[1]
This appeal concerns the parties’ attempt to settle issues relating to a replevin action and dissolution of a business partnership. They memorialized the results of their meeting in a signed, handwritten document called “Deal Points Between OMNI Healthcare and Dr. elevens” (the “Deal Points”). The thirteen-paragraph document includes issues, most of which were outside the pleadings, that the parties allegedly settled and had yet to resolve. *1012 The agreement directed elevens to pay certain moneys to OMNI and required the parties to reconvene within one week to settle the remaining items.
When the parties failed to agree to the outstanding issues, OMNI filed a motion to compel elevens to abide by the Deal Points. A hearing resulted in the issuance of an order that found the Deal Points binding as to certain paragraphs and nonbinding as to the remaining items. The order directed the parties to reconvene settlement negotiations within a week.
Upon review, we conclude the order is a nonappealable, nonfinal order, elevens argues this Court has jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(B), which provides that appeals of nonfinal orders are limited to those that “grant, continue, modify, deny, or dissolve injunctions,” as well as those that “refuse to modify or dissolve injunctions.” However, “[a]n injunction is an equitable remedy, designed to protect property or other rights from irreparable injury by prohibiting or commanding certain acts.” 42 Am. Jur.2d Injunctions § 1 (2012) (footnotes omitted); see also Judicial Watch, Inc. v. Carroll, 776 So.2d 300, 302 (Fla. 4th DCA 2000) (explaining orders in nature of an injunction are appealable because they have practical effect of granting or denying an injunction; have serious, possibly irreparable consequences; and can be effectively challenged only by immediate appeal). The order here does not meet these requirements. It declares that certain provisions of the settlement agreement are binding and enforceable, nothing more. The order does direct the parties to meet to negotiate further, which is more akin to a case management order regulating the conduct of the parties before the court, than an injunction. See Lamothe v. Sellars, 695 So.2d 1259, 1260 (Fla. 4th DCA 1997).
DISMISSED.
PALMER and MONACO, JJ., concur.

. Although this Court’s motions panel explicitly allowed the case to proceed as an appeal from a nonfinal order in the nature of an injunction under Florida Rule of Appellate Procedure 9.130(a)(3)(B), a motion panel’s decision in the form of an unpublished order may be reviewed because it is an interlocutory ruling that may be revisited by the merits panel. Hialeah Hotel, Inc. v. Woods, 778 So.2d 314, 315 (Fla. 3d DCA 2000).