# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-556
Lower Tribunal No. 07-17098
_____


**Charles Bloomgarden, et al.,**
Appellants,

vs.

**Roberta F. Mandel, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Stanley E. Orzechowski, pro hac vice (New York), for appellants.

Kaufman Dolowich & Voluck, LLP, Matthew H. Ginder, and Gregg J. Breitbart (Boca Raton); and Vincent S. Green, pro hac vice, for appellees.

Before SHEPHERD, C.J., and LAGOA and SCALES, JJ.

SCALES, J.

Charles and Joan Bloomgarden (the "Bloomgardens") appeal a non-final order of the trial court (the "Order on Appeal") denying their motion to cancel a charging lien for attorney's fees filed by Appellee Anthony Lanza ("Lanza") in the underlying professional malpractice action. Because we lack jurisdiction to hear the Bloomgardens' premature appeal, we dismiss the appeal *sua sponte.*

## I. Facts

The Bloomgardens hired Lanza to bring a professional malpractice action against attorney Roberta Mandel ("Mandel") and Mandel's former law firm, Houck, Hamilton & Anderson ("HHA"). Pursuant to the Contingent Hybrid Fee Agreement ("Fee Contract") between the Bloomgardens and Lanza, Lanza was to be paid $175/hour plus 15% of any recovery.

Mandel is a criminal defense lawyer. The Bloomgardens hired Mandel to prepare and file a Habeas Corpus petition in federal court in New York on behalf of their son Howard, who, in 1996, entered a guilty plea to murder and was sentenced to more than 33 years in prison. The hiring of Mandel was prompted by Howard's extradition to California to stand trial in a related case for capital murder.

In 2007, Lanza filed the underlying malpractice (and breach of contract) lawsuit in Miami-Dade County Circuit Court on behalf of the Bloomgardens and

Howard.[1]  The Bloomgardens alleged that, despite having paid HHA and Mandel over $200,000 in fees, Mandel never completed the work for which she was hired.

During the discovery phase of the malpractice action, Lanza sought Mandel's file, which raised an attorney-client privilege issue. Mandel required a waiver from Howard.  The criminal defense attorney in Howard's ongoing California murder case advised Howard not to sign the waiver document for fear that any information in the file could jeopardize Howard's defense in the California criminal case. Lanza advised the Bloomgardens to hold their malpractice case in abeyance until Howard's criminal case had concluded, and the requested files from Mandel could then be produced.

The Bloomgardens, however, insisted that the malpractice case move forward because they needed money to fund Howard's defense in the criminal case.

In 2009, Lanza withdrew from representing the Bloomgardens, citing irreconcilable differences. Specifically, Lanza alleged that strategies related to the criminal case against Howard created difficulties in his prosecution of the malpractice action in Florida; i.e., that the Bloomgardens' insistence on pushing the case forward undermined his strategy.  Lanza also alleged he was not being paid as the Bloomgardens had agreed in the Fee Contract.

---

[1] Howard was dropped as a Plaintiff soon after the case began.

The trial judge's order allowing Lanza's withdrawal did not reference any potential charging lien. The Fee Contract, however, purports to grant Lanza a charging lien.

The Bloomgardens hired replacement counsel for Lanza. After new counsel was retained, the Bloomgardens dismissed their claims against Mandel and reached a $75,000 settlement with HHA.

The Bloomgardens' efforts to complete the settlement with HHA, and collect the $75,000 settlement proceeds, were hampered by Lanza's assertion of the charging lien in the malpractice case.[2]  It appears that Lanza filed his charging lien seeking both (1) unpaid portions of the hourly fee earned prior to Lanza's withdrawal; and (2) a percentage of the $75,000 settlement as a contingency fee.

In October 2013, the Bloomgardens filed a motion in the malpractice case to cancel the charging lien claimed by Lanza. The Bloomgardens alleged several grounds supporting their motion to cancel Lanza's charging lien: (1) Lanza committed malpractice, thereby defeating any charging lien; (2) Lanza's withdrawal from representation was voluntary, thereby forfeiting any rights to compensation under Faro v. Romani, 641 So. 2d 69 (Fla. 1994); (3) Lanza did not

---

[2] Apparently, HHA insisted on a final resolution of Lanza's lien before paying the settlement.

4

contribute to the efforts that resulted in the settlement with HHA; and (4) the statute of limitations for breach of the Fee Contract expired.

On January 24, 2014, the trial court held a day-long evidentiary hearing on the Bloomgardens' motion to cancel Lanza's charging lien and, on February 11, 2014, entered the Order on Appeal that denied the Bloomgardens' motion. The Order on Appeal does not quantify the amount of Lanza's lien.

## II. Analysis

Neither the Bloomgardens nor Lanza questioned this Court's jurisdiction to review the Order on Appeal. Florida's appellate courts, however, have an independent duty to determine the existence of jurisdiction in every case and must dismiss those cases over which there is no jurisdiction. Gleicher v. Claims Verification Inc., 908 So. 2d 560, 561 (Fla. 4th DCA 2005).

Prior to oral argument, we issued the parties an order to be prepared to argue whether this Court has jurisdiction to review the Order on Appeal.

The parties either assert or suggest three alternate arguments as to why this Court has jurisdiction: (1) the Order on Appeal is a final order subject to review pursuant to rule 9.030(b)(1)(A); (2) the Order on Appeal is a non-final order determining the right to immediate possession of property (the $75,000 settlement proceeds) as contemplated by rules 9.030(b)(1)(B) and 9.130(a)(3)(C)(ii); or (3) the Order on Appeal represents a departure from the essential requirements of law

resulting in irreparable harm which cannot be remedied on direct appeal thus entitling the Bloomgardens to certiorari review pursuant to rule 9.030(b)(2)(A).

We reject each suggested characterization of the Order on Appeal, and we address each in turn:

(i) *Order on Appeal is Not a Final Order*

Florida's test of finality for appellate purposes is well established: the order constitutes the end of judicial labor in the trial court, and nothing further remains to be done to terminate the dispute between the parties. <u>Miami-Dade Water and Sewer Auth. v. Metro. Dade County</u>, 469 So. 2d 813, 814 (Fla. 3d DCA 1985).

In the context of attorney's fees, Florida courts have routinely held that an order entitling a party to the recovery of attorney's fees where the amount of such fees is not yet set is not final for appellate purposes. <u>Easley, McCaleb & Stallings, Ltd. v. Gibbons</u>, 667 So. 2d 988 (Fla. 4th DCA 1996).

The rationale for such cases is plain: because the trial court has not determined the amount of any fee entitlement, further judicial labor is required to adjudicate fully the parties' dispute.

Similarly, in this case, while the court has declined to cancel Lanza's charging lien, the trial court has not determined the amount of Lanza's lien, and ultimately the amount of the HHA settlement proceeds to which Lanza is entitled.

The trial court is still required to conduct an evidentiary hearing to determine the amount of any fee to which Lanza may be entitled. Smith & Burnetti, P.A. v. Faulk, 677 So. 2d 404 (Fla. 2d DCA 1996). Any such fee would be based on *quantum meruit* principles without regard to a lodestar, taking into account the amount of fees paid to the Bloomgardens' current counsel. In no instance should the Bloomgardens be responsible for fees exceeding their original Fee Contract with Lanza. Collier v. Bohnet, 966 So. 2d 1033, 1035 (Fla. 4th DCA 2007).

Thus, the Order on Appeal is not final because further judicial labor is required to effectuate a termination of the dispute between the Bloomgardens and Lanza.[3]

(ii) *Order on Appeal is Not an Appealable Non-Final Order*

The Bloomgardens argue, in the alternative, that the Order on Appeal determined the right to immediate possession of property, and therefore constitutes an appealable non-final order as contemplated in rule 9.130(a)(3)(C)(ii).

---

[3] The record reflects that Lanza has filed a state court breach of contract action against the Bloomgardens in California, alleging breach of the Fee Contract. The parties appear to argue that the outcome of that California breach of contract case somehow will affect the amount of Lanza's lien on the HHA settlement proceeds and, therefore, the trial court's judicial labor ended when it rendered the Order on Appeal. While the issues in the California litigation might be similar to the issues determined by the trial court in this case, there is nothing in the record, and the parties have provided no authority, suggesting that the California trial court has jurisdiction to determine the amount of Lanza's charging lien in this case or that any determination in the California case would be binding on the trial court below.

7

Presumably, the argument in this regard is that, had the trial court cancelled Lanza's charging lien as the Bloomgardens sought in their motion, the trial court would have removed an impediment to consummating the settlement, and the Bloomgardens could then receive the HHA settlement proceeds.

An order determining possession of money may constitute, under certain circumstances, an appealable non-final order. See, e.g., Greene v. Borsky, 961 So. 2d 1057 (Fla. 4th DCA 2007). The Order on Appeal, however, does not serve to determine immediate possession of property because it merely denies the Bloomgardens' motion to cancel Lanza's charging lien.

In that regard, the Order on Appeal adjudicated the validity of a charging lien; it did not adjudicate the immediate possession of anything. Higgins v. Ryan, 81 So. 3d 588 (Fla. 3d DCA 2012).

(iii) *Order on Appeal is Not Subject to Certiorari Review*

In our sifting for jurisdiction, we finally consider whether the Order on Appeal may be subject to certiorari review; i.e., whether we should treat the Bloomgardens' appeal as a petition for writ of certiorari.

Only those interlocutory orders that represent a departure from the essential requirements of law resulting in irreparable harm, which cannot be adequately

remedied on appeal, are subject to certiorari review. <u>Mana v. Cho</u>, 147 So. 3d 1098 (Fla. 3d DCA 2014).

Irreparable harm has been neither alleged nor established. Additionally, no argument has been asserted as to why any error by the trial court regarding the validity of Lanza's charging lien could not be remedied on plenary appeal.

This is simply not a certiorari case.[4]

## III. Conclusion

The Order on Appeal is not a final order, not an appealable non-final order, and not an order subject to certiorari review. Therefore, this appeal is premature and the Court lacks jurisdiction to review the Order on Appeal.

We dismiss the appeal, without prejudice.

---

[4] This case is readily distinguishable from <u>Kerrigan, Estess, Rankin & McLeod v. State</u>, 711 So. 2d 1246 (Fla. 4th DCA 1998). In <u>Kerrigan</u>, the trial court (without hearing and without the issues having been pled) *sua sponte* declared the subject contingency fee contracts unenforceable and quashed the attorney charging liens. <u>Id</u>. at 1247-48. Finding that the trial court's order departed from the essential requirements of law by denying the attorneys due process, the <u>Kerrigan</u> court granted the petition for writ of certiorari and remanded for appropriate proceedings consistent with the requirements of due process. In the instant case, no due process issues are implicated. Indeed, the trial court granted the parties a properly noticed evidentiary hearing.