NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEPARTMENT OF BUSINESS AND )
PROFESSIONAL REGULATION, )
DIVISION OF ALCOHOLIC BEVERAGES )
AND TOBACCO, )
)
   Appellant, )
)
v. )    Case No. 2D15-5239
)
FLORIDA ASSOCIATION OF )
WHOLESALE DISTRIBUTORS, INC., a )
Florida nonprofit corporation; CHINOOK )
ENTERPRISES CORP., d/b/a CEC )
DISTRIBUTING, a Florida corporation; )
COLONIAL GROCERS, INC., d/b/a )
PAYLESS CASH & CARRY CLUB, a )
Florida corporation; F&S DISTRIBUTING, )
INC., a Delaware corporation; and )
A&E WHOLESALE OF NORTH FLORIDA, )
L.L.C., a Florida limited liability company, )
)
   Appellees. )
_____ )

Opinion filed August 10, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Polk County; Larry
Helms, Judge.

Pamela Jo Bondi, Attorney General, and
Elizabeth Teegen, Assistant Attorney
General, Tallahassee, for Appellant.

John Marc Tamayo and Barbara Davis of
Valenti, Campbell, Trohn, Tamayo &

Aranda, Lakeland; and Monterey Campbell
and Kristie Hatcher-Bolin of GrayRobinson,
P.A., Lakeland, for Appellees.

LUCAS, Judge.

In the proceedings below, Florida Association of Wholesale Distributors, Inc., and four of its member companies (collectively, FAWD) filed a complaint against the Department of Business and Professional Regulation, Division of Alcoholic Beverages and Tobacco (the Department) concerning the proper interpretation of a tobacco tax statute. In their two-count complaint, FAWD sought declaratory and injunctive relief against the Department. The Department has filed a notice of appeal seeking review of the circuit court's order on the parties' cross-motions for summary judgment. In its notice, the Department styled its appeal as one of a nonfinal order granting injunctive relief pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). Because the underlying order is neither an injunction nor any other appealable order, we dismiss the Department's appeal.

The order before us includes several findings about the statute in controversy and states the following:

> Pursuant to the Plaintiffs' request for Declaratory Relief, this Court declares that Defendant is precluded from assessing FAWD members and the individual Plaintiffs . . . any state excise tax on the components of Federal excise tax, shipping costs or any other charges that are not a part of the established price for which a manufacturer sells the tobacco products, regardless of the location of the manufacturer.

> . . . .

- 2 -

> . . . [T]he Defendant has been, is currently, and will be precluded from assessing the OTP [other tobacco products] tax on anything other than the price of the tobacco alone, and not on the FET [federal excise taxes], shipping costs, or other charges not a component of the price of the tobacco regardless of whether or not the FET, shipping costs, or other charges are broken out in the invoice. Likewise, the Defendant has been, is, and will be precluded from denying any refunds from FAWD members or the individual plaintiffs sought due to tax payments that were made on charges (such as FET, shipping charges, or other costs) in excess of the tobacco price alone.

The order then concludes with the ruling: "Plaintiffs' Motion for Summary Judgment is granted as a partial Summary Judgment on liability and the Plaintiffs[] are entitled to a declaratory judgment in [their] favor with further evidence to be submitted as to the damages sustained by the plaintiffs." The court in its order reserved jurisdiction to enter judgment for damages and costs in favor of FAWD.

We agree with FAWD that this order is not reviewable as a temporary injunction. First and foremost, nowhere within the order does the court purport to enter an actual injunction; the order does not even include the words "injunction" or "enjoin" within its language. Cf. City of Panama v. Andina, Inc., 63 So. 3d 908, 908 (Fla. 1st DCA 2011) (dismissing appeal where the order merely granted a motion for partial summary judgment on claims for injunctive and mandamus relief and was not an injunction); Pescod v. Wells Rd. Veterinary Med. Ctr., Inc., 748 So. 2d 1095, 1098 (Fla. 1st DCA 2000) (dismissing appeal of protective order and holding that "[a]lthough certain language used in the order is often associated with injunctive relief, our view is that the trial court did not intend to enter a temporary injunction"). Moreover, the order arose from a hearing on the parties' respective motions for summary judgment, and

- 3 -

neither motion requested injunctive relief.  See O'Hanlon v. Herndon, 5 So. 3d 723, 724 (Fla. 2d DCA 2009) (reversing order that granted relief from a final judgment of foreclosure where the order granted relief which was not requested in the motion); Williford v. Melbourne Commercial Dev., Inc., 682 So. 2d 1234, 1235 (Fla. 5th DCA 1996) (reversing temporary injunction order where "[t]he injunction clearly exceeded the scope of relief the Appellee sought in its motion for temporary injunction and as argued at the hearing thereon").  Besides passing references to tax assessments the circuit court would "preclude" as part of its declaration, nothing in this order suggests the court extended any kind of injunctive relief to FAWD.  Accordingly, we reject the Department's assertion that rule 9.130(a)(3)(B) provides a basis for us to exercise our jurisdiction to review this order.

In the interest of conducting a complete review of our appellate jurisdiction, we have considered whether the order under appeal could be construed as a partial final judgment.[1]  See Fla. R. App. P. 9.110(k) ("A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims."); see also Universal Underwriters Ins. Co. v. Stathopoulos, 113 So. 3d 957, 959 (Fla. 2d DCA 2013) (dismissing appeal of ruling on declaratory judgment action and

---

[1]The Department has not argued that the circuit court's order was a partial final judgment.  Neither has FAWD, who, instead, posit that we base our jurisdiction over this order from the general pronouncement in the declaratory judgment statute, section 86.011: "[t]he court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment."  As we will explain later in this opinion, that statute confers jurisdiction upon circuit and county courts to render declaratory judgments; it does not expand the scope of our appellate jurisdiction.

- 4 -

reciting the three factors that determine whether an order is an appealable partial final judgment: (1) the cause of action could be maintained independently of the remaining causes, (2) one or more parties were removed from the action as a result of the partial final judgment, and (3) whether the counts can be separately disposed of based on the same or different facts (citing Dahly v. Dep't of Children & Family Servs., 876 So. 2d 1245, 1248 (Fla. 2d DCA 2004))). The order here neither disposes of an entire cause of action nor removes a party from a cause of action. And it does not "evidence finality on its face," Getman v. Tracey Constr., Inc., 62 So. 3d 1289, 1291 (Fla. 2d DCA 2011), or "an end to the judicial labor in the cause," S.L.T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974).

To that point, we may simply take the circuit court at its word: the court styled its ruling as an "Order on Plaintiffs' Motion for Summary Judgment and Defendant's Motion for Summary Judgment" which granted, in part, a motion for summary judgment. See Better Gov't Ass'n of Sarasota Cty., Inc. v. State, 802 So. 2d 414, 415 (Fla. 2d DCA 2001) (dismissing appeal of an order that granted summary judgment, "as it lacks the finality of an order entering judgment in favor of a party and against the party opponent" (citing Moore Int'l Trucks, Inc. v. Foothill Capital Corp., 560 So. 2d 1301 (Fla. 2d DCA 1990))); Ball v. Genesis Outsourcing Sols., LLC, 174 So. 3d 498, 499 (Fla. 3d DCA 2015) ("An order that merely grants a motion for summary judgment is not a final order." (citing Lidsky Vaccaro & Montes, P.A. v. Morejon, 813 So. 2d 146, 149 (Fla. 3d DCA 2002))). Indeed, the partial resolution of summary judgment within the order comports with the circuit court's stated intention of reserving jurisdiction so that it could finish its judicial labor in this case. Cf. Blue v. Covington Cty. Bank, 77

So. 3d 909, 911 (Fla. 1st DCA 2012) (dismissing appeal as premature where summary judgment order included a reservation of jurisdiction for the court to determine foreclosed property's value); Hamilton v. Ryan Foods Co., 867 So. 2d 1217, 1217-18 (Fla. 1st DCA 2004) (dismissing appeal where trial court reserved jurisdiction to determine collateral source set-off amounts). Plainly, the circuit court anticipates doing further adjudicative work, "with further evidence to be submitted," after which, presumably, it will enter a final judgment.

Our dissenting colleague would distinguish the case at bar from the strictures of Webb and Getman because this case concerns a tax statute. See infra ("[N]one of the cases cited by the majority actually deal with a declaratory judgment seeking construction of a tax statute . . . ."). From this premise, the dissent would bypass the circuit court's express reservation of jurisdiction to consider further evidence (which, according to the dissent, simply "muddles our review") and take jurisdiction over this case. Because the circuit court construed a tax statute within its order, and the complaint sought declaratory relief, the order must have "had the force and effect of a final judgment" under the plain language of section 86.011, according to this argument. We disagree with our colleague for two reasons.

First, the language within section 86.011 upon which the dissent's argument hinges simply confirms that a circuit or county court's final declaration of rights, when it is rendered, can have the force and effect of a final judgment, just like any other kind of civil judgment issued by those courts. Section 86.011 confers jurisdiction upon our State's trial courts to enter judgments that "declare rights, status,

- 6 -

and other equitable or legal relations."[2]  The statute does not include a separate ground of jurisdiction for appellate review.  Indeed, nothing within section 86.011 purports to craft an independent basis, or enlarge an existing basis, for this court's appellate jurisdiction.  Cf. Hobby Lobby Stores, Inc. v. Sebelius, 723 F.3d 1114, 1157-58 (10th Cir. 2013) ("But statutes that speak to the rights or obligations of parties to a lawsuit . . . are not [jurisdictional] and should not be treated as 'jurisdictional prescriptions.' ").  The question of our appellate jurisdiction remains unaltered: either a court's declaration is an appealable, final order or it is not.  Here, the circuit court's order clearly articulates further judicial labor to be performed in the future and, therefore, remains a nonappealable, nonfinal order.

Second, we do not believe the presence of a tax statute within this controversy alters the fundamental framework for our jurisdictional analysis.  If anything, in this case it would seem to support our construction of the order as nonfinal.  At the outset of the summary judgment hearing before the circuit court, FAWD's counsel plainly delineated the relief FAWD was, at that time, seeking and what they would later seek in their declaratory relief claim, stating to the court: "We're going to be asking for a partial summary judgment here today and then coming back with affidavits as to the amounts that we believe we're entitled to in terms of refunds or taxes not to be assessed at a later date . . . ."  That the circuit court chose to enter a nonfinal order partially granting summary judgment and reserving jurisdiction to make this final

[2]Cf. Gilbert v. State Farm Mut. Auto. Ins. Co., 95 F. Supp. 3d 1358, 1364 n.5 (M.D. Fla. 2015) ("Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts . . . .").

- 7 -

determination (and render a final order) at a later time, after receiving this evidence, was an appropriate course for this particular dispute.[3]

We are not unmindful that the heart of the present controversy is a fairly discrete issue over statutory interpretation; but we cannot rush to reach the merits of an appeal over which we have no jurisdiction. See Fla. Farm Bureau Gen. Ins. Co. v. Peacock's Excavating Serv., Inc., 186 So. 3d 6, 11 (Fla. 2d DCA 2015) (dismissing appeal of partial declaration of insurance coverage and observing that appellate court "cannot create jurisdiction for the sake of expediency"). Nowhere within this order can we find an intention on the part of the circuit court to enter an injunction or a final declaratory judgment. Accordingly, we must dismiss the Department's appeal as premature.

Appeal dismissed.

WALLACE, J., Concurs.
VILLANTI, C.J., Concurs in part and dissents in part.

---

[3]From the Department's answer and its counsel's arguments at the summary judgment hearing, it appears the Department intends to contest FAWD's entitlement to any refund.

VILLANTI, Chief Judge, concurring in part and dissenting in part.

I fully concur in the majority's ruling that the order on appeal is not appealable as a nonfinal order issuing an injunction. However, I dissent from that part of the ruling that concludes that this court does not have jurisdiction to consider this as an appeal from a final order entering a declaratory judgment because the trial court reserved jurisdiction to determine a claim for "damages" that was not pleaded and that may or may not ever be sought.

The essence of a declaratory judgment action is that it asks the court to "afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations." Martinez v. Scanlan, 582 So. 2d 1167, 1170 (Fla. 1991). The relief contemplated is a "declaration of rights, status, or other equitable or legal relations." § 86.021 (emphasis added). Further, while supplemental relief based on the declaration of rights may be obtained by motion, see § 86.061, importantly, a future request for relief other than the declaration of rights is not required. For this reason, section 86.011 specifically provides that "[t]he court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment." (Emphasis added.) Hence, this is a legal status conferred on the judgment by operation of law rather than a substantive status related to the form of the judgment. We need not expand our jurisdiction by making this straightforward observation.

Simply put, once the trial court entered the judgment declaring the parties' rights and obligations under the tax statute at issue here, that judgment legally had "the force and effect of a final judgment." Indeed, the plain language of section 86.011

- 9 -

unequivocally requires this conclusion. While FAWD has the open-ended option to seek further relief based on that declaration if it chooses to do so, it is not obligated to do so within any particular time frame, if at all. That is why it is important on due process grounds to allow the Department to have the order's immediate import reviewed now. It may not be able to do so in the future, and its ability to secure appellate review of the declaratory judgment should not depend on the whims of FAWD. As such, the trial court's declaratory judgment constituted a final, appealable order at that point.

Even though none of the cases cited by the majority actually deal with a declaratory judgment seeking construction of a tax statute, that is not crucial to my view. What is crucial is that none of the cited declaratory judgment cases involved a single remaining declaratory judgment count that did not include a request for further relief. I accept the proposition that we must abide by the general rule forbidding piecemeal review as a solid jurisdictional concept. I just do not agree that the general rule has any application in the unique procedural context of the order on review in this case or its underpinning statutory authority. Due process should never allow form to outweigh substance. I, for one, would not leave the potential of the order escaping appellate review to chance.

Nevertheless, the majority concludes that the trial court's decision to attempt to reserve jurisdiction to determine "damages" somehow makes the declaratory judgment not final.[4] However, FAWD's complaint did not seek damages, and I fail to

---

[4]Indeed, I find it curious that the trial court sua sponte stated that it was making a ruling on "liability" while purporting to reserve jurisdiction to consider "damages." "Liability" is not an issue in a declaratory judgment action seeking the proper construction and application of a tax statute, and neither party sought a ruling on "liability." And while I recognize that the trial court has broad discretion to fashion relief

see how the trial court's effort to reserve jurisdiction to award relief not sought in the complaint could render nonfinal a judgment that is otherwise final by statute. To allow this would permit the trial court to create continuing jurisdiction, except for enforcement purposes, when none actually exists.

When the trial court entered its order declaring the parties' rights under the tax statute, the court disposed of the only issue remaining before it, and its judicial labor was concluded on this point. No claims for damages or other relief were sought that would leave the judicial labor incomplete, and the trial court may not, albeit unintentionally, manufacture such claims through a reservation of jurisdiction. Therefore, I would hold that the judgment on appeal is sufficiently final for review, and I would not dismiss this appeal.

---

in a declaratory judgment action, awarding damages when none are sought in the complaint is not within its discretion. Moreover, under the circumstances of this case, such a purported "reservation" only muddles our review and perhaps is an unnecessary contributing factor creating the majority's difference of opinion with my view.