# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1626
Lower Tribunal No. 19-32088
_____

**LK Hotel LLC,**
Appellant,

vs.

**1512 One Company, LLC, etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Bilzin Sumberg Baena Price & Axelrod LLP, and Melissa C. Pallett-Vasquez, Raquel M. Fernandez and Desiree Fernandez, for appellant.

Bernhard Law Firm PLLC, and Andrew J. Bernhard, for appellees.

Before FERNANDEZ, C.J., and SCALES and GORDO, JJ.

PER CURIAM.

Appellant LK Hotel LLC seeks appellate review of a July 12, 2021 nonfinal trial court order granting a motion for partial summary judgment on counts I and II of the complaint of Appellees 1512 One Company, LLC, et al. In this dispute about hotel condominium charges, count 1 of Appellees' complaint seeks a declaration that certain charges imposed by Appellant are unlawful under Florida's Condominium Act and the relevant condominium declarations, while count II seeks to enjoin Appellant from imposing those allegedly unlawful charges. We lack jurisdiction because the appeal is premature, and therefore, *sua sponte,*[1] we dismiss the appeal.

Appellant's notice of appeal characterizes the challenged order as "a nonfinal order granting Plaintiffs'/Appellees' motion for partial summary judgment seeking injunctive relief." While Florida Rule of Appellate Procedure 9.130(a)(3)(B) authorizes appellate review of nonfinal orders that "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions," this rule does not provide jurisdiction to review an order if further judicial effort is required before any injunction becomes effective. Gleicher v. Claims Verification, Inc., 908 So. 2d 560, 561 (Fla. 4th DCA

---

[1] While neither party questioned this Court's appellate jurisdiction to review the challenged order, we have an independent duty in every case to determine the existence of jurisdiction, and we must dismiss those cases for which there is no jurisdiction. Bloomgarden v. Mandel, 154 So. 3d 451, 453 (Fla. 3d DCA 2014).

2005). The challenged order explains the rationale for granting Appellees' partial summary judgment motion, but the order does not enjoin any specific conduct nor does it "describe in reasonable detail the act or acts restrained without reference to a pleading or another document," as Florida Rule of Civil Procedure 1.610(c) requires of all injunctions.

We view the challenged order as similar to the one unsuccessfully appealed in City of Panama City v. Andina, Inc., 63 So. 3d 908, 908 (Fla. 1st DCA 2011) (dismissing an appeal of an order granting a partial summary judgment and concluding, "[t]he order does no more than grant a motion for partial summary judgment on the counts in Appellees' complaint seeking injunctive . . . relief. The order does not enter judgment on those counts, nor does the order direct [the Appellees] to take, or refrain from taking, any action."). As with the challenged order in City of Panama City, further judicial effort is required to effectuate entry of an injunction.

Appeal dismissed.[2]

---

[2] We express no opinion on the merits of the appeal.